No. 70

TERESI v. MILLER-BECKER CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 4904. Decided Feb. 18, 1924

829 NEGLIGENCE—

1. Instruction that plaintiff using ordinary care is entitled to recovery held not prejudicial when no contributory negligence is shown.

2. Instruction in collision case that if there were no collision defendant would not be liable held not prejudicial when answer admits collision.

VICKERY, J.

Epitomized Opinion

Published only in Ohio Law Abstract

Action against two defendants for injuries caused him by reason of a collision between two vehicles, one driven by Martin, the other by the Miller-Becker Co. At the trial a verdict was obtained against Martin in the sum of $1500, and verdict for the Miller Becker Co. Teresi brings this action making the Miller-Becker Co. defendant in error, alleging errors why the judgment below should be reversed and the case remanded against the Miller-Becker Co. for a new trial. The appeals court affirmed the judgment, holding:

1. It is not prejudicial error for the court to charge the jury that if the jury had found certain facts to be true the plaintiff would be entitled to recover "provided the plaintiff himself was using ordinary care" when the record does not present any question or contributory negligence.

2. It is not prejudicial error for the court in its charge to state that if there was no collision then the Miller-Becker Co. would not be liable when the answer of the Miller-Becker Co. admits there was a collision.

Attorneys—L. R. Lanza for Teresi; Mooney Hahn, Loeser & Keough, for Miller-Becker Co., all of Cleveland.

---

No. 71

ZANE DEVEL. SYND. v. KURTZ et al

Ohio Appeals. 2nd Dist. Franklin Co.

No. 1085. Decided Feb. 20, 1924

923 PLEADINGS—

1. Objections as to joinability of express and implied contract held not properly taken after jury eliminates first cause of action.

225. CHARGE TO JURY—

2. No error in refusal to give special charge where matter is covered in general charge.

3. Jury held not to be misled by court's charge as to refusal of party to testify.

465 4. Verdict held sustained by sufficient evidence.

651 INTEREST AND USURY—

5. Where the jury does not specify time from which interest is to run, the Court cannot fix the time.

BY THE COURT.

Epitomized Opinion

Published only in Ohio Law Abstract

This was an action to recover $250,000.00 for service performed in the financing of the defendant Zane Development Co. The first cause of action was upon an express contract and the second upon an implied contract. The trial resulted in verdict for $75,00.00 with interest. The court computed interest from the date when the transactions were completed, i.e., June 6, 1920 and judgment rendered for $85,275.00. The defendant prosecuted error, claiming that the two causes of action were not joinable, that error was committed in the admission of two letters written by plaintiff after June 6, 1920 containing self serving declarations, the refusal to give certain charges, error in general charge of the court, that the verdict was not sustained by sufficient evidence and error in the calculation of interest by the trial court. In sustaining the judgment of the lower court, but modifying its judgment as to interest, the Court of Appeals held:

1. Under the liberal rule of pleading allowed in this state an express and an implied contract are joinable. Even though not joinable the objection was not well taken after the jury eliminated the first cause of action.

2. As the special charges refused were largely restatements in different form of the propositions covered by the charges actually given, no error was committed.

3. That no error was committed in the general charge of the Court in referring to the refusal of one of the defendants of the partnership from testifying as the jury was not misled by any undue influence.

4. It cannot be said that the verdict was not sustained by sufficient evidence.

5. Where there is nothing in the record from which it can be definitely ascertained that the jury did not take into consideration the question of interest in fixing the amount of this verdict the court cannot add interest to the sum found by the jury. Therefore the trial court erred in calculating interest from June 6, 1920 and the judgment must be modified to include interest only from the date of the judgment.

Attorneys—Vorys, Sater, Seymoure & Pease for Zane Co.; Turner & Calland, for Kurtz, et al, all of Columbus.