BENNETT v. DUFFLE et al. (two cases).—198 S. W. (2d) 287.

Middle Section. July 27, 1946.

Petition for Certiorari denied by Supreme Court, November 30, 1946.

Manier & Crouch, of Nashville, for plaintiffs in error.

P. M. Howse, Jr., and Jack Keefe, both of Nashville, for defendants in error.

HOWELL, J. These are personal injury cases filed by Charles Henry Bennett, a minor fifteen years of age, by next friend, and by Willie Pearl Bennett, the mother, for damages growing out of an accident in which Charles Henry Bennett was thrown or fell from a truck belonging to the defendant Pepsol Bottling Company and being driven by the defendant Earl Duffle and was injured, while the truck was being driven along a highway in Davidson County and the plaintiff was riding on top of some crates of bottles which were loaded on the truck.

The declarations were in two counts, one based on common law negligence and other on Section 5317 et seq. of the Code of Tennessee known as the Child Labor Laws. At the time of his employment and injury the plaintiff Charles Henry Bennett was under sixteen years of age.

The defendant filed pleas of not guilty.

The cases were tried together and resulted in verdicts of the jury for the minor for $1,500 and for the mother for $250 which were approved by the Trial Judge.

After proper procedure the defendants have appealed in error to this Court and have assigned errors.

It is insisted for the defendants that there was no evidence to support the verdicts, that the Court should have granted their motion for peremptory instructions, that

the Court erred in charging the jury as to the failure to introduce a witness and in permitting counsel for plaintiffs to argue the inferences to be drawn therefrom and that the verdicts were excessive.

There was material testimony for the plaintiffs to the effect that the truck in question was the property of the defendant Pepsol Bottling Company, registered in its name, was kept and loaded and unloaded with Bepsol products at the place of business of this defendant, had the Pepsol name upon it and that the manager of the defendant company saw this boy working on the truck and no one inquired as to his age. It was also testified that the truck was in bad condition, had defective brakes and that the defendant Duffle knew this to be true and that the defendant Duffle hired the plaintiff and the manager of defendant Pepsol Company gave him the money with which to pay off.

The plaintiff Charles Henry Bennett further testified that he first rode on top of the bottles on the truck and then got down on a fender, that Duffle, the driver, knew he was on the fender and that while thus riding his cap blew off and that the truck was stopped with a jerk that threw him off causing the injuries complained of. Bennett was corroborated by the witness Richard Ewing Jamison, another boy fourteen years of age who was riding on the same truck. The Jamison boy, after testifying about his employment and about the accident, then testified:

"I went down to Mrs. Bennett's house, told them I was going after my salary that I had coming to me, and I asked her did she want me to get Henry's salary and she said yes, she would like for me to do it because she had to go to the hospital, and I went down there that evening when the truck came in, I told Mr. Duffle I wanted

my back salary, and he said he couldn't give it to me until Saturday, because the payroll didn't come out until Saturday.''

The defendant Duffle testified that at the time of the accident he was working for a Mr. E. S. Shinn on a commission as a truck driver and that he paid these boys himself. Marvin Bernard, Secretary of the defendant Pepsol Bottling Company, testified that Mr. Duffle did not work for the Pepsol Company but was employed by Mr. Shinn as a salesman and that Shinn was a distributor of Pepsol Products and that he had rented the truck to Shinn, that he knew the boys were working for Duffle and that he had nothing to do with them. Mr. Shinn was in the Court Room and did not testify.

In view of this state of facts we are of the opinion that the jury were justified in finding that the truth lay with the plaintiffs and there was material evidence upon which to base the verdicts.

The verdicts were approved by the trial judge and being based on material evidence will not be disturbed in this Court. A late case on this subject is Osborn v. City of Nashville, 182 Tenn. 197, 185 S. W. (2d) 510.

We are also of the opinion that the trial judge was not in error under these facts in charging the jury:

''I charge you, gentlemen of jury, that where a party to the suit has a material witness with knowledge of the facts of the case, and does not produce and offer such witness, you may infer that the testimony of such witness would be unfavorable to such party failing to offer such a witness.''

Shinn may have been a very material witness to establish the defense that he was the lessee of the truck and responsible for its operation. The failure of the defendants to introduce Shinn as a witness justified an in-

ference that his testimony would not be favorable to them.

See Stumb Motor Co. v. Patterson, 9 Tenn. App. 29-37; Walden v. Walden, 13 Tenn. App. 337; Auburn Nashville Co. v. Graham, 13 Tenn. App. 444; Standard Oil Co. v. State, 117 Tenn. 618, 619, 672, 100 S. W. 705, 10 L. R. A., N. S., 1015, and many other cases.

■ We are of the opinion that the verdicts in these cases were not excessive. This is assigned as error but not discussed by the defendants.

All the assignments are overruled, the judgments of the Circuit Court affirmed and judgments will be entered here in favor of Charles Henry Bennett for $1,500 and Mrs. Willie Pearl Bennett for $250, against the defendants Earl Duffle and Pepsol Bottling Company, with interest from May 29, 1945, and the costs of the cases.

Affirmed.

Felts and Hickerson, JJ., concur.