STATE, ex rel. RAYDEL, Plaintiff-Appellant and Cross-Appellee, v. RAIBLE, Defendant-Appellee and Cross-Appellant. STATE, ex rel. RAYDEL, Plaintiff-Appellee, v. RAIBLE, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 22823, 22824. Decided February 4, 1954.

Corrigan, McMahon & Corrigan, Cleveland. for plaintiff-appellant and cross-appellee in Case No. 22823, and plaintiff-appellee in Case No. 22824.

William J. Kraus, Edward Lurie, Cleveland, for defendant-appellee and cross-appellant in Case No. 22823, and defendant-appellant in Case No. 22824.

(DOYLE, PJ, HUNSICKER, J, of the 9th District: GRIFFITH, J, of the 7th District, sitting by designation in the 8th District.)

## OPINION

By HUNSICKER, J.:

This court has before it an appeal on questions of law filed by C. Greif Raible, defendant below, docketed as case number 22,824, in the Court of Appeals of Cuyahoga County, Ohio. This is known as the paternity case, and in this matter

State of Ohio, on relation of Alice E. Raydel, was the plaintiff and is now the appellee.

There is also before this court an appeal on questions of law filed by State of Ohio, on relation of Alice E. Raydel (The appellee in case No. 22,824), docketed in the same Court of Appeals as case No. 22,823. C. Greif Raible filed a cross-appeal in case No. 22,823, and hence, as to such case, he is a cross-appellant.

Inasmuch as the appeals arose out of the same controversy, viz., a judgment declaring C. Greif Raible to be the father of a child born to Alice E. Raydel, an unmarried woman, the cases were argued jointly; and, consequently, one opinion is written to set forth the conclusions of the court.

In this opinion, the parties will be designated by name, in order to avoid the confusion that would arise if we spoke only of appellant and appellee.

On December 28, 1949, there was born to Alice E. Raydel, an unmarried woman, a male child.

On July 9, 1951, Alice E. Raydel filed a complaint in bastardy before Myron J. Penty, Jr., a justice of the peace for Warrensville Township, Cuyahoga County, Ohio, in which complaint she alleged that C. Grief Raible, a resident of Geauga County, Ohio, was the father of such child. The justice of the peace caused a warrant to issue for the arrest of C. Grief Raible, and, pursuant to such warrant, C. Greif Raible came to the office maintained by justice of the peace, Myron J. Penty, Jr., at 1230 Ontario Street, Cleveland, Ohio, Cuyahoga County, such office not being located in Warrensville Township.

Justice of the peace Penty then proceeded with the preliminary hearing, entered the plea of not guilty made by C. Greif Raible, who entered his personal appearance, administered the required oath to the complainant, Alice E. Raydel, and presided at the hearing while she gave her testimony, which was done in the presence of the defendant. A lengthy cross-examination of Alice E. Raydel was conducted by counsel for C. Greif Raible. At the conclusion of the testimony of Alice E. Raydel, the justice of the peace found probable cause to believe that the child, born to Alice E. Raydel, was the child of C. Greif Raible, and bound C. Greif Raible to the next term of the Court of Common Pleas for Cuyahoga County, Ohio.

Up to this time there was no objection to the acts or jurisdiction of the justice of the peace. After the case was transferred to and docketed in the Court of Common Pleas, and after many motions and hearings were had before the said Common Pleas Court, C. Greif Raible filed a demurrer and plea in abatement, wherein he challenged the jurisdiction of

the said Common Pleas Court over the subject matter of the action, alleging in such pleadings that the justice of the peace had no authority, while outside of his township, to act in the bastardy case, or to bind C. Greif Raible over to the Court of Common Pleas of Cuyahoga County.

On motion of Alice E. Raydel, the Common Pleas Court ordered such demurrer and plea in abatement stricken from the files.

C. Greif Raible, notwithstanding the long and intense cross-examination of Alice E. Raydel at the time of the hearing on her complaint before the justice of the peace, sought to take her deposition and the deposition of other witnesses. Counsel for Alice E. Raydel filed a motion to stay. and restrain the taking of the depositions. This motion to restrain C. Greif Raible from the taking of depositions of witnesses, including the deposition of Alice E. Raydel, was granted. On appeal to the Court of Appeals, the order restraining the taking of depositions was modified. The judgment of the Court of Appeals permitted the taking of depositions of witnesses other than Alice E. Raydel.

Just before the time of trial. C. Greif Raible asked for a continuance of the trial, in order to permit him to take the deposition of Alice E. Raydel. The trial court refused this request and ordered the case to proceed to trial.

At the beginning of the trial and before opening statements were made by either party, C. Greif Raible filed a second demurrer on the ground that the court had no jurisdiction of the subject matter of the action. The trial court overruled this demurrer. C. Greif Raible then objected to the introduction of any testimony, which objection was also overruled by the trial court.

The matter before the court was bitterly contested by C. Greif Raible, for the transcript of docket and journal entries shows numerous appeals, on preliminary matters, to the Court of Appeals and the Supreme Court of Ohio. The record of testimony taken at the trial and the numerous exhibits introduced, or sought to be introduced, cover nearly 2000 pages.

At the trial, C. Greif Raible did not testify in his own behalf, and the trial judge, at the request of counsel for Alice E. Raydel, read, over the objection of counsel for C. Greif Raible, the following special written charge before oral argument to the jury:

"The court instructs the jury that the defendant is entitled to be a witness in this action for himself, and that the failure of the defendant to testify may be considered by you in determining the issue in this cause."

The jury returned a verdict of guilty, and the trial court entered a judgment on such verdict. The judgment also ordered C. Greif Raible to pay, to Alice E. Raydel, $7400 from the date of birth of the child to the date of the entry of the judgment of paternity; $1000 for the necessary expenses of pregnancy and childbirth; $50 per week from January 29, 1953, to December 1961, and $60 per week thereafter until the child reaches the age of 18.

The appeal numbered 22,823, as instituted by Alice E. Raydel, is based upon the refusal of the trial court to: first, award counsel fees for the prosecution of the bastardy action; and second, to give to Alice E. Raydel a substantially larger sum for the support of the child and for expense of pregnancy and childbirth. The cross-appeal is based on the award by the trial court of: first, the sum of $7400 for support of the child from the date of birth to the date of adjudication of paternity; second, the claim that a portion of the weekly payment of $50, and later $60, is to help support Alice E. Raydel; and third, that the weekly payments for support of the child are excessive.

The claims in the cross-appeal in case No. 22,823 are also made claims of error in the appeal taken by C. Greif Raible, numbered 22,824.

The first and principal matter to be examined is case No. 22,824, designated above as the paternity case. If error prejudicial to the substantial rights of C. Greif Raible has intervened in such case, all questions which arise in case No. 22,823 (which we shall call the "money" case), obviously need not be considered.

C. Greif Raible, as appellant in case No. 22,824, sets out 24 assignments of error. These assignments need not be listed herein, for they may be set out under the following groupings: first, claimed errors relating to jurisdiction and the denial of due process; second, claimed errors in refusing the right to take depositions; third, claimed errors involving the admission and refusal to admit certain evidence and examination of witnesses; fourth, claimed errors in the special request to charge before argument and in the general charge; fifth, claimed error in refusing to award judgment to the defendant (C. Greif Raible), and overruling the motion for a new trial; and sixth, claimed errors with respect to the award of support.

We first turn our attention to the question of jurisdiction. The case, it must be remembered, did not originate in the Court of Common Pleas. The preliminary proceedings and the way in which C. Greif Raible got into the Common Pleas Court, was through the process originally begun in the justice of the peace court.

It seems almost superfluous to say that at common law a child born out of lawful wedlock was "filius nullius"—the son of nobody. Such a child was, of course, the child of its mother, but no man could be charged with its support. This was the law in Ohio until in 1805, when the Ohio legislature enacted laws to require the one who had fathered such child to provide a measure of support to the child. (The act of 1805—3 Ohio Laws 167—indicates that a prior act was in effect as passed in 1800, which was before the state was admitted to the Union.)

At the time the complaint was filed herein before justice of the peace Myron J. Penty, Jr., the statutes then in effect (§12110, et seq, GC) were found in Division VIII (Quasi- Criminal Actions) of Title IV (Procedure in Common Pleas Court) of Part Third (Remedial). Thereafter, effective August 28, 1951, matters relating to bastardy (§8006-1, et seq, GC) were found in Chapter 6 (Bastardy) of Title VI (Domestic Relations) of Part Second (Civil). Now such matters are found in §3111.01, et seq, R. C..

The transcript of docket and journal entries of the Court of Common Pleas shows that, on October 22, 1951, the transcript from the docket of the justice of the peace was filed in the Court of Common Pleas.

On December 1, 1951, Alice E. Raydel filed a motion to advance the case for hearing; on December 13, 1951, C. Greif Raible filed a motion, asking the trial court to order blood grouping tests of Alice E. Raydel, the child, and himself.

From the date when the transcript of the docket of the justice of the peace was filed in the Court of Common Pleas, and the first objection to jurisdiction was advanced by C. Greif Raible, twenty or more motions, briefs, journal entries, and other papers, were filed in these proceedings. Hearings were had on many of such matters so filed. Some of the papers so filed were in behalf of C. Greif Raible, and the others in behalf of Alice E. Raydel.

On March 7, 1952, the brief of C. Greif Raible, filed that day in opposition to the motion of Alice E. Raydel, to require C. Greif Raible to appear in court on a date certain and enter his plea, said that C. Greif Raible had "entered his appearance in this case," and further that, in accord with §§8006-14 GC (formerly §12121 GC), the appearance docket of the Court of Common Pleas of Cuyahoga County "will show that the defendant (C. Greif Raible) has appeared by counsel duly appointed by the defendant."

Sec. 10223 GC (now §1909.01 R. C.), said:

"Unless otherwise directed by law, the jurisdiction of jus-

tices of the peace in civil cases, is limited to the township wherein they have been elected, and wherein they reside. No justice of the peace shall hold court outside of the limits of the township for which he was elected."

If "jurisdiction," as used in this section, means the right and power of a justice of the peace to hear and determine a cause, only when physically within the geographical limits of his township, then the meaning of such section is clear, and the act of the justice of the peace in this matter is void.

In the case of **Loftus v. Pennsylvania Rd. Co., 107 Oh St 352,** at **p. 357,** the court, in discussing the word "jurisdiction," said:

"Jurisdiction may exist to hear and determine causes of a certain class, and yet that jurisdiction may not be permitted to attach to certain cases by reason of limitations of venue. Venue signifies the geographic division where a cause shall be tried. Both jurisdiction and venue depend upon constitutional and statutory provisions. While certain provisions may give the courts power to hear certain causes, other provisions may limit the rights of certain parties to avail themselves of that jurisdiction."

We recognize that, as stated in the early case of **McCleary v. McLain, 2 Oh St 369 at p. 371:**

"The legislature has wisely limited the civil jurisdiction of justices' courts to the subjects mentioned in the 'act defining the powers and duties of justices * * *' * * *; and any attempt by such court to exercise judicial authority, not therein delegated, or in a manner different from that prescribed, is utterly void."

See also, **State, ex rel. Maag, Jr., v. Schuller, etc., 154 Oh St 465.**

In the recent case of **State, ex rel. Gill, v. Volz, 156 Oh St 60,** at **p. 73,** the court said:

"This court, in view of the historical background of the legislation relating to this matter and in view of what appears to be the long settled practice of the inferior courts of this state, is constrained to hold that a bastardy proceeding is essentially a civil action and that the trial court committed no error in the instant case in accepting the verdict of guilty concurred in by nine members of the jury."

While we recognize the authority of the cases cited above, none of them decides the problem now before this court. The facts herein are entirely different.

As we view the statute which limited the territory within which the jurisdiction of the justice of the peace could be exercised (§10223 GC), it was in the nature of a limitation of venue. A justice of the peace had and has jurisdiction

in bastardy cases, and hence the subject matter of this action was properly a matter to be commenced in a justice of the peace court. (Sec. 12110 GC, now §3111.01 R. C.)

"'* * * it has nevertheless long been a universal rule that an objection to the jurisdiction of the 'subject-matter' can not be waived; because while parties may voluntarily submit their persons to the jurisdiction of a court which has jurisdiction over the cause, they cannot confer power on the court as to the subject matter * * *.'" **Baltimore & Ohio Rd. Co. v. Hollengerger, 76 Oh St 177,** at **182.**

Jurisdiction over the person, however, may be waived by entry of appearance. **O'Neal v. Blessing, 34 Oh St 33; Railroad Co. v. Morey, 47 Oh St 207.** The provision in the statute, limiting the geographical area in which the justice of the peace may exercise his authority, is for the benefit of those sued, and is such a provision that may be waived by the defendant.

This is not a case where the justice of the peace does not have jurisdiction over the subject matter of the preliminary action brought by Alice E. Raydel, but is such a matter where the defendant is exempt from being required to submit to the jurisdiction of the court except within the township of such justice.

C. Greif Raible, by his appearance before justice of the peace Penty, his cross-examination of Alice E. Raydel, his request in the Court of Common Pleas for blood grouping tests, and by many other matters he submitted to the trial court, waived the privilege to except to the place where the justice of the peace conducted the preliminary hearing in this bastardy action.

The similarity between the matter before us and the case of Stark v. Treat, et al., 27 Ohio Circuit Decisions 282, is very striking. We believe such case to be persuasive in the instant action.

The trial court did not commit prejudicial error in determining that jurisdiction over C. Greif Raible had attached in the Court of Common Pleas.

We next pass to the claim that prejudicial error intervened when the trial court gave to the jury the following special written requested charge before argument:

"1. The court instructs the jury that the defendant is entitled to be a witness in this action for himself, and that the failure of the defendant to testify may be considered by you in determining the issue in this cause."

In the case of **Reams v. State, ex rel. Favors, 53 Oh Ap 19,** at **p. 22** (a bastardy action), the court said:

"Under the law, counsel have a right to comment on the

failure of the defendant below to testify. The conduct of a party to a cause may be of importance in determining whether the ground of defense is honest and just, and anything from which such an inference can be drawn is cogent, and so it has become a well established rule that where evidence which would properly be part of the case is within the control of the party whose interest it would naturally be to produce it, and without satisfactory explanation he fails to do so, the jury may draw an inference that it would be unfavorable to him."

Some of the general rules with respect to the subject we now consider may be stated as follows:

1. No inference may be drawn by a jury because a party fails to call as a witness one who is equally available to the opposing party.

Hayden v. New York Rys. Co., 223 N. Y. 34; 134 N. E. 826; Branch v. Mashkin Freight Lines, 134 Conn. 278; 57 A. 2d 136; Century Indemnity Co. v. Arnold, 153 Fed. 2d 531.

2. Where a party fails to produce, or to explain the omission of, relevant evidence within his control, the jury may infer that such evidence would be unfavorable to him. (This rule does not apply generally where a party has failed to call a privileged witness or has invoked the privilege to exclude the testimony of such a witness.)

Robinson v. Doe, et al., 224 Mass. 319; 112 N. E. 1007; Griggs v. Saginaw & F. Ry. Co., 162 N. W. 960 (Mich.); Sherman v. Ross, 62 Pac. 2d 1151 (Colo.); Heck v. Henne, 238 Mich. 198; 213 N. W. 112; Bennett v. Duffie, 198 S. W. 2d 287 (Tenn.); Masterson v. Solomon, 89 N. Y. S. 2d 261; 275 App. Div. 861.

3. In a civil action, a jury may properly be instructed that the unexplained failure of a party to testify, concerning facts peculiarly within his knowledge, may give rise to an inference that, had he testified, his testimony would have been unfavorable to his cause.

Plunkett, et al v. Levengston, 258 Fed. 889; U. S. v. Grannis, 172 Fed. 2d 507; Rentschler v. Hall (Ind.), 69 N. E. 2d 619.

A general discussion, with citation of authorities, of the rules above set out may be found in 131 A. L. R. 706; 135 A. L. R. 1375; 1 Reid's Branson Instructions to Juries, Sec. 73; II Wigmore on Evidence (Third Ed.), Sec. 289; 53 Am. Jur., Trial, Sec. 694; 31 C. J. S., Evidence, Sec. 156 (d).

A search of the authorities in Ohio discloses three cases bearing on the subject herein: **Zane Development Syndicate v. Kurtz, 3 Abs 41; Akron Taxicab Co. v. Dawson, 12 Abs 316;** and **Hubbard, Admx., v. C. C. & C. Highway, Inc., 81 Oh Ap 445.** These cases support the general rules above set out as

being applicable especially to a party in presenting evidence in support of his own case.

We therefore determine herein that the trial judge did not commit error prejudicial to the substantial rights of C. Greif Raible in his charge to the jury.

As to the claim that C. Greif Raible was denied the right to take the deposition of Alice E. Raydel, the record before us shows that C. Greif Raible conducted a long and searching interrogation of Alice E. Raydel at the time the preliminary complaint in bastardy was heard before the justice of the peace, and that every effort on the part of the complainant to take the deposition of C. Greif Raible was effectually prevented by his remaining outside of the jurisdiction of the court, and, according to the judgment entry of the Common Pleas Court, beyond the borders of the United States. The order of the trial court staying the taking of the deposition of Alice E. Raydel was only to be effective until C. Greif Raible made himself available for a deposition. As we view this voluminous transcript of docket and journal entries, on the matter of the deposition, we are compelled to say no error prejudicial to the rights of C. Greif Raible is found in this claim.

We have examined all other claimed errors set out by the appellant, C. Greif Raible, in case No. 22,824 (except those relating to money matters, which we consider in the appeal No. 22,823), and find none prejudicial.

We pass now to a consideration of the claimed errors in what, for want of a better term, we call the "money case," or the appeal and cross-appeal in case No. 22,823

In this appeal, Alice E. Raydel says that the trial court, as a result of a judgment entered February 11, 1953, awarded an inadequate amount of money for the expenses of pregnancy and childbirth and for support of the child, and failed to award her any sum of money for attorney fees and expense of the bastardy action.

The cross-appeal in this case (No. 22,823) claims that: the trial court erred in awarding support for the child from the date of its birth to the date of adjudication of paternity; the award of $50 per week for the support of the child is excessive; and, the trial court considered improper matters in making such award of support.

The trial court submitted the case to the jury on January 13. 1953, and the journal entry of judgment on such verdict was signed by the trial judge and filed with the clerk of courts for journalization on January 23, 1953. The transcript of docket and journal entries, and the verdict itself, shows that

such verdict was filed with the clerk on January 16, 1953, although the bill of exceptions shows that, on January 15, 1953, the trial court held a hearing on the question of support, in the course of which it is clearly indicated that the jury returned a verdict of guilty prior to this hearing. (Counsel, in the bill of exceptions, state that the verdict was returned on January 14, 1953.) On January 23, 1953, a further hearing on matters relating to support was held. On January 26, 1953, another hearing on the same question came before the trial court. At this hearing, testimony was submitted to the trial judge, whose province it was, under the statute, to determine the money compensation involved in this type of case.

First, we shall consider the award of $1000 to Alice E. Raydel, for the expense of pregnancy and childbirth.

The record of testimony shows a payment of $200 to Dr. Stone, $210 to the nurse, Mrs. Barlow, plus her room and board, which Alice E. Raydel computed at $90; $88.50 to the Doctor's Hospital; and some other payments for medical expense, the amount of which could not be definitely ascertained. The total of all definite payments made by Alice E. Raydel, as a result of pregnancy and childbirth, do not equal the amount awarded. There was no award for the illness which Alice E. Raydel claims she suffered during pregnancy, except these indefinite payments for medical expense.

We do not find that the trial judge committed prejudicial error in this award of $1000.

Second, we now consider the question of awarding support for the child from the date of his birth to the date of adjudication of paternity.

The Ninth District Court of Appeals, in the unreported case of **State of Ohio, ex rel. Rosemary Fisher, v. Elmer H. Davis,** Summit County case No. 3687, decided on November 6, 1944, held that a complainant in a bastardy action is entitled to recover support for the child from the date of birth to the date of adjudication. This principle was adopted and firmly established in the case of **State, ex rel. Gill, v. Volz, 156 Oh St 60.** The trial court did not commit prejudicial error in awarding support for the child of C. Greif Raible, from the date of birth to the date of adjudication of paternity.

Third, was the award of $50 per week for the support of the child grossly inadequate, unfair, and unrealistic? Did the trial court grant too large a sum for the support of this child, by taking into account facts that were not proper to consider in making such an award?

We must bear in mind that the case is before this court

as an appeal on questions of law. We do not have the case to try de novo. It is not a question of what we would or would not do if we were sitting as the trial judge; instead, we have, among other questions, the problem of determining whether the judgment of the trial court is manifestly against the weight of the evidence; whether the trial judge committed an abuse of discretion herein; whether the trial judge committed prejudicial error in his application of the law; and the questions which ordinarily arise in an appeal on questions of law.

It is not our province to discuss the social implications which may arise if the child herein is reared as the son of a very wealthy man during youth, and at 18 years of age such support is suddenly ended and the child then forced to earn his own livelihood. What is the "moral duty" (as mentioned in the case of State, ex rel. Gill, v. Volz, supra), that the court shall enforce? This question is attractive and one which we might enjoy discussing, but do not deem it a proper matter in this opinion.

The trial judge conducted a lengthy hearing on the question of support and the ability of C. Greif Raible to pay any order the court would make. The defendant admitted he was worth more than one million dollars, that he had a net income, after taxes, of $35,000, which was obtained from salary as an officer of several corporations, and from a trust fund in which he was the principal beneficiary. The trial judge did not commit prejudicial error in refusing to accept a detailed analysis of the life, habits and financial standing of C. Greif Raible.

The Court of Common Pleas of Cuyahoga County has continuing jurisdiction to modify the order of support for this child when a proper showing is made in this case. **State ex rel. Niven v. Tomblin, 82 Oh Ap 376.**

The award of weekly support, which the trial court entered herein, is, under the circumstances, as shown by this record, not an unreasonable or arbitrary award. We find no abuse of judicial discretion in this phase of the case, and no error prejudicial to the rights of either party therein.

Fourth, Did the trial court err in refusing to award attorney fees to Alice E. Raydel for prosecution of this action?

**Sec. 12123 GC,** which was in effect at the time the complaint in bastardy was filed, said in part:

"* * * the court shall thereupon adjudge that he pay to the complainant such sum as the court may find to be necessary for her support, maintenance and necessary expenses, caused

by pregnancy and childbirth together with costs of prosecution * * *. The court shall require the reputed father to give security for the payment of the support, maintenance and necessary expenses of the complainant caused by the pregnancy and childbirth together with the cost of prosecution. If he neglects or refuses to give it, and pay the costs of prosecution, he shall be committed * * *."

Thereafter (effective August 28, 1951), §12123 GC was amended, and became §8006-17 GC, and the same phrase "costs of prosecution" set out above was carried into the newly numbered section of the statutes. (This section is now §3111.17 R. C., and the same phrase "costs of prosecution" is a part of the new Revised Code.)

The Supreme Court of Ohio did not, in the case of **State, ex rel. Beebe v. Cowley, 116 Oh St 377,** construe this phrase as permitting a court to award attorney fees as a part of the costs of prosecution. The court in that case said, at pgs. 381-382, in construing this exact language in a statute which was thereafter amended:

"We all agree that §12123 GC, does not authorize the trial court to charge the defendant with attorney fees as 'costs of prosecution.' It is well known that 'costs of prosecution' do not include attorney fees unless there be a statute explicitly making such a part of the costs. The statute under consideration does not do that, and, of course, they cannot be said to be necessary expenses caused by pregnancy and childbirth."

This same principle was announced in the case of **City of Euclid v. Vogelin, 152 Oh St 538, at pgs. 544-545.**

The law on the subject of awarding attorney fees unless expressly authorized by statute is well settled, and any change from the rule so firmly established must be made by the proper authority.

The trial court committed no error prejudicial to the rights of Alice E. Raydel, when it refused to her an award of attorney fees.

We have examined all the claimed errors raised by the appellant and cross-appellant in case No. 22,823, and find none prejudicial.

We therefore determine that the judgment in case No. 22,823 should be affirmed, and that the judgment in case No. 22,824 should be affirmed.

Judgment in case No. 22,823 and in case No. 22,824 is affirmed. Exceptions. O. S. J.

DOYLE, PJ, GRIFFITH, J, concur.