ASBURY UNITED METHODIST CHURCH, APPELLANT, *v.*
BOWERS, D.B.A. OPEN DOOR DAY CARE CENTER, APPELLEE.

(No. L-79-323—Decided May 16, 1980.)

*Mr. R. Kemp Lindsey,* for appellant.
*Mr. Robert H. Welly,* for appellee.

BROWN, J.  Plaintiff-appellant, Asbury United Methodist Church, appeals from a final judgment of the Toledo Municipal Court dismissing the first cause of action in the complaint by which plaintiff sought restitution and possession of certain real property, and dismissing the second cause of action by which plaintiff sought a judgment for rent owing under the lease.

The first cause of action was a forcible entry and detainer action in which plaintiff alleged that an oral lease existed between plaintiff and defendant (Sondra Bowers, d.b.a. Open Door Day Care Center [hereinafter referred to as defendant or the lessee]) with plaintiff as lessor and defendant as lessee, and that the lessee (the defendant) was in default for payment of rent. The leased property was owned by plaintiff, a church organization. It was leased as commercial property and not as residential premises.

Defendant filed a motion to dismiss on October 16, 1979, which was the day that the case was called for trial. The manner in which the motion to dismiss arose is reflected in the memorandum in support of defendant's motion to dismiss, which states:

"The above matter came on for trial on October 16, 1979***. After the case was called, Defendant, by counsel, moved the court for a dismissal of the action. The request for dismissal was based upon the fact that the action was brought under Chapter 1923 of the Ohio Revised Code. Defendant, by counsel, requested the dismissal since the property in question is commercial property, and therefore not subject to the forceable [sic] entry and detainer provisions of***Chapter 1923 of the Ohio Revised Code.

"Plaintiff, by counsel, and Defendant, by counsel, agreed that the premises involved are a portion of a church property leased by Defendant for the operation of a day care center."

The Municipal Court docket entry of October 16, 1979, contains the following recitation:

"Parties present with counsel[.] Defendant withdraws demand for jury trial. Defendant moved for dismissal on grounds that property involved is used for commercial purposes and is not subject for F.E.D. under Chapter 1923.01, etc.***"

Defendant's motion to dismiss the complaint, and the trial court's subsequent dismissal of the action, raise the following legal issue: Is a lease of commercial property subject to the forcible entry and detainer provisions of R. C. Chapter 1923?

This legal issue is stated by plaintiff in the form of the following assignment of error:

"I. The trial court erred in dismissing appellant's complaint for want of jurisdiction of the subject matter."

Defendant contends that R. C. 1923.02 lists the persons

subject to forcible entry and detainer actions and that the amendment to R. C. 1923.02, effective November 4, 1974 (see 135 Ohio Laws 36-37, Part II ), made substantial changes in that statute. Defendant states that the amendment added the following language to R. C. 1923.02: "As used in this chapter, 'landlord,' 'tenant,' [and] 'residential premises,'***mean the same as defined in section 5321.01 of the Revised Code." The definitional section, R. C. 5321.01, is a portion of the Landlord and Tenant Act which also had an effective date of November 4, 1974 (see 135 Ohio Laws 39-51, Part II ).

"Tenant," is defined in R. C. 5321.01 as follows:

"(A) 'Tenant' means a person entitled under a rental agreement to the use and occupancy of residential premises to the exclusion of others."

Based on the foregoing summary, defendant contends that the intent of the legislature, in enacting R. C. Chapters 1923 and 5321, was directed to residential premises and not commercial premises. These contentions of the defendant are without merit.

When all the sections and subsections of R. C. Chapter 1923, Forcible Entry and Detainer, are read in *pari materia,* it is clear that some parts thereof pertain to the rights of lessors and lessees of nonresidential premises, as well as to lessors and lessees of residential premises. The entire chapter should be analyzed to determine its spirit and meaning. *State, ex rel. Raydel,* v. *Raible* (1953), 64 Ohio Law Abs. 438, affirmed (1954), 69 Ohio Law Abs. 356, appeals dismissed (1954), 162 Ohio St. 74. A consideration of the following relevant statutes supports that conclusion, *i.e.,* that some parts of R. C. Chapter 1923 pertain to the rights of lessors and lessees of nonresidential premises.

R. C. 1923.01 reads, in part, as follows:

"As provided in sections 1923.01 to 1923.14, inclusive, of the Revised Code, any judge of a county court, within his proper area of jurisdiction, may inquire about persons who make unlawful and forcible entry into lands and tenements and detain them, as well as about persons who have a lawful and peaceable entry into lands and tenements and hold them unlawfully and by force. If upon such inquiry it is found that an unlawful and forcible entry has been made, and that the lands or tenements are held by force, or that after a lawful entry

they are held unlawfully, then such judge shall cause the party complaining to have restitution thereof."

R. C. 1923.02 (see 137 Ohio Laws 1767-1768) reads, in part, as follows:

"Proceedings under Chapter 1923 of the Revised Code, may be had:

"(A) Against tenants holding over their terms;

"(B) Against tenants in possession under an oral tenancy, who are in default in the payment of rent as provided in this section;

"(C) In sales of real estate, on executions, orders, or other judicial process, ***;

"(D) In sales by executors, administrators, guardians, and on partition, ***;

"(E) When the defendant is an occupier of lands or tenements, without color of title, and to which the complainant has the right of possession;

"(F) In any other case of their unlawful detention;

"(G) In cases arising out of Chapter 5313 of the Revised Code. In such cases the court shall have the authority to declare a forfeiture of the vendee's rights under a land installment contract and to grant any other claims arising out of the contract.

"(H) Against tenants of residential premises who have breached an obligation imposed by section 5321.05 of the Revised Code which materially affects health and safety. Prior to the commencement of an action under this division, notice must be given to the tenant and compliance secured with section 5321.11 of the Revised Code.

"(I) Against tenants of residential premises who have breached an obligation imposed upon them by a written rental agreement;
"***

"If a tenant holding under an oral tenancy is in default in the payment of rent, he shall forfeit his right of occupancy, and the landlord may, at his option, terminate the tenancy by notifying the tenant, as provided in section 1923.04 of the Revised Code, to leave the premises, for the restitution of which an action may then be brought under Chapter 1923 of the Revised Code.

"As used in this chapter, 'landlord,' 'tenant,' 'residential

premises,' and 'rental agreement' mean the same as defined in section 5321.01 of the Revised Code,***."

R. C. 1923.01 has remained unchanged since 1959. R. C. 1923.02 was amended effective November 4, 1974 (see 135 Ohio Laws 36-37, Part II), leaving subsections (A) to (G) thereof, unchanged, but, adding subsections (H) and (I) and the concluding paragraph, as set forth above. (R. C. 1923.02 was amended again, effective January 13, 1978 [see 137 Ohio Laws 1767-1768].) The last paragraph of R. C. 1923.02 makes the use of the words "landlord," "tenant" and "residential premises" in R. C. Chapter 1923 mean the same as defined in R. C. 5321.01. R. C. 5321.01 defines "tenant" as heretofore cited.

A careful reading of R. C. 1923.01 and of R. C. 1923.02(E) and (F) reveals that the words "landlord" and "tenant" are conspicuously absent.

Furthermore, the addition of the second paragraph to R. C. 1923.04 (see 135 Ohio Laws 37, Part II, effective November 4, 1974) is further indication that the legislature did not mean to limit R. C. Chapter 1923 to residential premises. The second paragraph of R. C. 1923.04 reads as follows:

"Every notice given under this section by a landlord to recover residential premises shall contain the following language printed or written in a conspicuous manner: 'You are being asked to leave the premises. If you do not leave, an eviction action may be initiated against you. If you are in doubt regarding your legal rights and obligations as a tenant, it is recommended that you seek legal assistance.'"

Therefore, a lessor of nonresidential premises has available whatever forcible entry and detainer remedies are provided by R. C. Chapter 1923 by virtue of the explicit language of R. C. 1923.01 which does not confine forcible entry and detainer jurisdiction to residential premises, but uses unrestricted language, *i.e.,* "***any judge of a county court***may inquire about persons who make unlawful and forcible entry into lands and tenements and detain them***." Forcible entry and detainer jurisdiction is also extended to all real estate, residential premises or otherwise, by reason of the following language of R. C. 1923.02 (see 137 Ohio Laws 1767-1768):

"Proceedings under Chapter 1923 of the Revised Code, may be had:

"* * *

"(E) When the defendant is an occupier of lands or tenements, without color of title, and to which the complainant has the right of possession;

"(F) In any other case of their unlawful detention[.]"

The fact that the 113th Ohio General Assembly is now considering passage of S. B. No. 227 amending certain sections of R. C. Chapter 1923 does not alter the foregoing conclusions concerning the interpretation of R. C. Chapter 1923.

Therefore, the appellant's assignment of error is well taken. The complaint was erroneously dismissed.

The judgment of the Toledo Municipal Court is hereby reversed, and the cause remanded to that court for further proceedings according to law.

*Judgment reversed.*

POTTER, P. J., and CONNORS, J., concur.