Wanamaker, J.
 

 The journal entry of the Court of Appeals shows:
 

 “Judgment of the said court of common pleas is reversed for error of the court in not charging self-defense, for error in not properly charging
 
 *283
 
 the jury on accidental shooting, and for error in the admission of evidence, no other error appearing in the record, and this cause is remanded to said court of common pleas for further proceedings.”
 

 (1) Under the evidence in this case, especially the testimony of the defendant herself, was she entitled to a charge on the law of self-defense? The essential prerequisites to invoking the right of self-defense have been so clearly and convincingly stated again and again by our Ohio courts that it would seem unnecessary to detail at length the settled law on this subject. The parent case, which has been often approved and reapproved, is that of
 
 Marts
 
 v.
 
 State,
 
 26 Ohio St., 162, decided nearly a half century ago. The second paragraph of the syllabus is definite and decisive:
 

 “Homicide is justifiable on the ground of self-defense, where the slayer, in the careful and proper use of his faculties,
 
 bona fide believes,
 
 and has reasonable ground to believe, that he is in imminent danger of death or great bodily harm, and that his only means of escape from such danger will be by taking the life of his assailant * *
 

 (a) Defendant must
 
 “bona fide believe”
 
 that she is “in imminent danger of death or great bodily harm.”
 

 (b) Defendant must
 
 bona fide
 
 believe that her “only means of escape from such danger” will be by taking the life of her assailant.
 

 (c) The defendant must have “reasonable grounds” for such
 
 bona fide
 
 belief.
 

 Nowhere in the defendant’s evidence does she testify that she
 
 bona fide
 
 believed either of said
 
 *284
 
 propositions. Tfpon the contrary, the record shows. that she testified that she did not intend to shoot the deceased nor to do him any harm whatsoever.
 

 These essential prerequisites to invoking the right of self-defense are of .such a nature as to require personal, specific testimony from the defendant herself as to her belief in the premises. Who else could testify as to her belief? It is not a question of inference or circumstantial evidence. The facts and circumstances outside of her personal testimony may be used to corroborate her belief, or overcome the same, but are clearly wholly insufficient as the basis of an inference of such belief, in the absence of her personal testimony that she then entertained and had reasonable ground to entertain such belief.
 

 When the
 
 Marts case, supra,
 
 was decided this court was composed of such eminent judges as Chief Justice Welch, who wrote the opinion, White, Rex, Gilmore and McIlvaine. The pronouncement of the syllabus, and the opinion of Judge Welch supporting it, is unanswerable as to what need be shown in order to invoke the doctrine of the right of self-defense. The evidence in no wise, not even by suggestion as to the defendant’s belief, measures up to these requirements. This right is not a speculative one, but a substantial one, when these prerequisites are fairly and fully met. The court would have committed error against the state had it charged upon the law of self-defense.
 

 (2) Error “in not properly charging the jury-on accidental shooting.”
 

 
 *285
 
 The bill of exceptions in this case, near the close, makes the following record, at the close of the general charge of the court:
 

 “Mr. Meals: If the court please, I wish to make some requests of the court before the jury retires. I wish to ask that the court appropriately instruct the jury on the subject of assault and battery, and assault, as it relates to this case under this indictment, first. iSecond, I ask the court to instruct the jury on the subject of accidental shooting. Thirdly, I request the court to instruct the jury relative to the law of self-defense as it relates to this case.
 

 “The Court: The first request to charge assault and battery, and assault, is refused. The request to charge on the law of self-defense is refused. Exceptions may be noted.
 

 “Mr. Meals: And as. to accidental homicide.
 

 “The Court: As to accidental homicide, I think it my duty to inform the jury that if, upon a con sideration of all the evidence in this case, they find that the death of O’Connell was due to an accident, then it is your duty to find the defendant not guilty.
 

 “The Court: You may take the case.
 

 “Mr. Meals: The defendant excepts generally to the charge of the court, as provided by the statute, and also specifically excepts to the refusal of the court to charge, as requested, with reference to assault and battery, and assault, and self-defense. ’ ’
 

 It is to be observed that both the state and the defense were represented by unusually able counsel, both industrious, diligent, and capable of safe
 
 *286
 
 guarding the rights both of the state and the accused, and the presumption is that they did.
 

 Now, let us observe what counsel for the defense excepted to. The last several lines of the record specifically except to the refusal of the court to charge as requested “with reference to assault and battery, and assault, and self-defense.”
 

 No exception is here made to what the court said on accidental homicide; no further request was made to the charge upon accidental homicide, clearly indicating that counsel were content with the charge under the evidence, the argument that had been made, and with what the court had said in the general charge in that behalf.
 

 It must be remembered that counsel owe some duty to the court as well as to their clients, and that duty is to aid the court in presenting pertinent and proper instructions as to the law fitting the issues and the evidence offered on both sides touching such issues. The court might well have said something further touching accident or misadventure in the discharge of the gun, but the fact remains that counsel for the prisoner were content with what the court did say, taken in connection with what the court had theretofore said in the general charge touching the burden of proof upon the state throughout to establish all the elements of the offense beyond a reasonable doubt; and it is too late now to further eomplain in this behalf.
 

 The very fact that requests were asked both on accidental homicide and self-defense, under the same evidence, presents a most peculiar paradox ■ — a direct contradiction in terms and truth. Self-
 
 *287
 
 defense presumes intentional, willful use of force to repel force or escape force. Accidental force or shooting is exactly the contrary, wholly unintentional and unwillful. It is similar to a person saying in one breath, “I was insane at the time of the homicide,” and in the next breath, “I shot in the exercise of my right of self-defense, with reasonable grounds therefor, as they appeared to me.”
 

 If the evidence warrants, the defendant has a right to one request or the other. By no manner of logic, law, or legerdemain is he entitled to both.
 

 (3) As to the refusal of the trial court to charge on assault, or assault and battery. Undoubtedly, in cases of homicide, convictions may be had for assault and battery, but they may be rightfully had only where there is a “reasonable doubt,” or evidence suggesting the same, that the force and violence used did not cause the death of the deceased. Where it is clear and conclusive that the force and violence used by the defendant did cause the death of the deceased, it would be a travesty on truth, and a mere mockery of justice, for the court to charge or the jury to find as to the minor offenses. It would simply furnish an additional loophole in the law, another legal labyrinth through which atrocious crimes would be converted into police court offenses. The defendant was guilty of some degree of murder or guilty of nothing. The jury is not a pardoning board.
 

 The doctrine as to minor offenses is fully considered in
 
 State
 
 v.
 
 Schaeffer,
 
 96 Ohio St., 215, 117 N. E., 220, L. R. A., 1918B, 945, Ann. Cas., 1918E, 1137, and in the later case of
 
 Bandy
 
 v.
 
 State,
 
 102
 
 *288
 
 Ohio St., 384, 131 N. E., 499, 21 A. L. R., 594, which cases upon this point are followed and approved.
 

 The court was right in refusing to charge as to these minor offenses.
 

 (4) It is claimed, however, that, if the Court of Appeals is wrong as to these grounds of reversal, the reversal is justified upon error in the admission of evidence in behalf of the state, in rebuttal.
 

 The evidence complained of related chiefly to the clothing of 0 ’Connell, the dead man, which was offered in rebuttal. It is elementary that such evidence should have been offered in the state’s case in chief; but the court gave the defense an opportunity, not only to cross-examine the witnesses, but, in addition thereto, to offer any evidence they chose to rebut this evidence, and it is impossible to conceive how this constituted prejudicial error for which a new trial should be granted.
 

 (5) The defendant further insists that the reversal is justified upon the misconduct of counsel and the argument to the jury. The argument of counsel takes a somewhat wide range, especially with the controversial and eloquent talent on both sides of the case. The presumption is, of course, that the court properly restrained counsel upon both sides, and error in this respect to be the basis of a reversal must clearly appear.
 

 While the argument of counsel for the state is in the record, the argument of counsel for the prisoner is not in the record, and we are unable to say how much of the argument of counsel for the state
 
 *289
 
 was in direct reply to the counsel for the prisoner.
 

 The chief complaint, however, is addressed to inferences drawn from the testimony and from the absence of certain witnesses in this cause, who presumably were friends of the accused — at least they were present and friendly at the place and time of the homicide.
 

 "Wide latitude must be allowed counsel in the inferences and deductions they draw and in their consideration of the testimony of record. Naturally and necessarily they differ as to their views, but it is for the jury to determine the saner view and to give the testimony such weight as they deem best under the evidence and the charge of the court.
 

 As to the absence of the defendant’s husband, and Mr. and Mrs. Williams, who were present at the scene of the homicide, and the absence, as well, of any depositions from them, that may properly be the subject of comment by counsel for the state, unless their absence be reasonably accounted for by the defendant. It is the presumption in fact as well as law that, if the witness known to be present at the time a vital event taires place is available to testify, and fails to be called, or to have his deposition taken, or his absence accounted for by the party in whose favor he would naturally be expected to testify, it is not improper for counsel upon the other side to infer that his testimony would be unfavorable to the defendant; that the defendant’s story of the transaction in question would not be corroborated if such witness was present and testified, or his deposition taken. This
 
 *290
 
 is the common sense of common experience in every day life, and is not forbidden by any law as the proper subject of comment in a court of justice.
 

 "We find no reversible error prejudicial to the ' substantial rights of the prisoner; indeed, she may count herself most fortunate in not being found guilty of a more serious offense.
 

 Judgment of the Court of Appeals reversed, and judgment of the court of common pleas affirmed.
 

 Judgment reversed.
 

 Marshall, C. J., Day and Allen, JJ., concur.