ROGERS ET AL. *v.* THÈ FRENCH BROTHERS-BAUER CO.

(Decided December 10, 1928.)

*Messrs. Sawyer & Pichel,* for plaintiffs in error.
*Messrs. Mallon & Vordenberg,* for defendant in
error.

Ross, J. This case comes into this court on peti-

tion in error to reverse a judgment of the court of common pleas of Hamilton county, rendered in conformity to a verdict in favor of the French Bros.-Bauer Company, the defendant below.

The plaintiffs below, Lawrence Rogers and Roland F. Smith, whose cases were consolidated for trial, were both passengers in a roadster automobile, neither being the driver thereof. The injuries complained of were alleged to have been caused by the negligence of an employee of defendant below while operating a milk truck upon a country highway just outside the limits of the city of Cincinnati.

The negligence charged against the defendant consisted in the alleged operation of the truck in the nighttime without rear lights, and the operation of the truck on the wrong or left side of the highway. Both vehicles were proceeding in the same direction, toward the city.

The undisputed facts show that the roadster automobile, occupied by the plaintiffs below, came into violent contact with some object, and that the truck was struck by the roadster with great violence from the rear. It is in evidence that the roadster attempted to pass the truck on the left, and that the truck was not observed by the occupants of the roadster until just before the crash.

The answer does not allege negligence or contributory negligence.

The first assignment of error is that the verdict is clearly and manifestly against the weight of the evidence. The record does not support this assignment. We find no evidence of passion or prejudice in the consideration of the case by the jury; and, in the absence of such finding, the jury was the sole

judge of the weight of the evidence and the credibility of the witnesses. The evidence supports the verdict.

The second assignment of error is that the rights of the plaintiffs below were gravely prejudiced by the admission of evidence of certain police officers. The evidence objected to is as follows:

"Q. And what did they say, or what was done while you were there? A. Well, just as I stated before, at first none of them would talk, and then they talked freely after they admitted that they had the accident. * * *

"Q. Did you ask them about the accident? A. I asked them what happened, yes.

"Q. And what did they say? * * *

"Q. What did Roland Smith say? A. Well, he said that he was in the machine and that the machine he was in had struck a milk wagon.

"Q. What did Charles Smith say? A. He said the same thing, that they were in a collision with a milk wagon.

"Q. What did Roland say as to who was driving? * * *

"Q. What did Charles Smith say? A. He said that Roland Smith was driving.

"Q. What did Roland say? A. He said that Charles Smith was driving.

"Q. And what else did Charles Smith say about the collision? A. Well, all he said was that they struck a milk wagon.

"Q. And what did Roland say? A. Said the same thing, that they struck a milk wagon.

"Q. Did either one at that time deny at first hitting the * * *

"Q. Was anything said as to the cause of the accident? A. Well, I didn't hear anything like that. Whether there was anything said or not I don't know."

Although the record is not clear, the plaintiffs below were given the benefit of the doubt, and the original objection and exception is attributed to all this testimony.

C. R. Smith, who, while not a party, was an important witness for the plaintiffs, testified as follows:

"Q. And where did you drive to, if you remember? A. I must have driven through—

"Q. No, where to? A. Right to Roland's residence.

"Q. Eastbourne Terrace? A. Yes, and fell unconscious under the wheel.

"Q. Then you passed out, did you? A. Yes, sir, I did."

And again, on page 21, in the cross-examination of C. R. Smith, we find the following:

"Q. Did the officers come down there for you boys, to take you to the hospital? A. A gentleman across at the Sycamore-Hammond Garage, a friend of mine, phoned for the patrol to come and take us to the hospital, as would happen anywhere.

"Q. Do you remember who the officers were? A. I don't remember, no sir.

"Q. If I were to tell you that their names were William Miller and Harry Bowman, would you be able to refresh your recollection from that. A. No, sir, I didn't ask their names. I was not in any condition—I couldn't ask their names.

"Q. And what did you say to the officers when

they arrived there? A. Nothing that I remember.

"Q. Not a thing? A. No, sir.

"Q. What did Roland Smith say? * * * A. I have no remembrance of what he said.

"Q. What did Rogers say to the officers? A. I have no remembrance; I was unconscious.

"Q. You didn't know what was going on there at all? A. I did not."

All of this evidence related to a principal fact in issue, to wit, who drove the automobile? It related to the condition of C. R. Smith shortly after the accident. It affected the credibility of C. R. Smith, a principal witness. It was admissible, if for no other reason, as impeaching the testimony of C. R. Smith; the foundation having been previously laid as indicated above. See *Rehklau* v. *Bourne,* 118 Ohio St., 494, 161 N. E., 534; *Taylor* v. *Industrial Commission,* 13 Ohio App., 262.

The third assignment of error is that the court charged the jury on contributory negligence, when no such issue was raised by the pleadings or evidence. If contributory negligence is not made an issue by the pleadings, but is developed by the evidence, it becomes the duty of the court to charge the jury in respect to this issue. *Bradley* v. *Cleveland Ry. Co.,* 112 Ohio St., 35, at page 39, 146 N. E., 805. The negligence of a driver is not imputable to the occupants of a vehicle, but they may be guilty of contributory negligence. In some states the law forbids more than two occupants in the front seat of an automobile, for the reason that crowding may interfere with the proper control and operation of a motor vehicle. The bare presence of three persons in the driver's seat warranted the court in placing the

issue of contributory negligence before the jury under proper instructions.

We have carefully read the record and are unable to find any error intervening to the prejudice of the plaintiffs in error.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.