HILL, A MINOR, APPELLEE, *v.* SKINNER ET' AL., APPELLANTS.

376

(No. 3880—Decided November 26, 1947.)

*Mr. Robert C. Ryder,* for appellee.
*Messrs. Motz & Morris,* for appellants.

DOYLE, P. J. This is an action under the Ohio statute (Section 5838, General Code), seeking to hold the owners and harborers of a dog called "Chang" with liability for damages arising out of an episode in which the dog, Chang, is alleged to have seized with his teeth and injured a youngster aged approximately four, the petitioner herein.

A jury, upon trial, awarded damages in the amount of $500. The judgment rendered thereon, in the Court of Common Pleas of Summit county, is a part of the final order from which this appeal is taken, and consideration will be first given to the legality of this money judgment.

1. The appellants say "There was no evidence of a 'bite' anywhere in the record from any of the witnesses save the plaintiff himself. Without this * * * minor's testimony there was evidence of injury only with barbed wire, glass, a gashed steel barrel and other dogs being present as explanation."

It is a fact that there is no *direct* testimony of this dog's attack except that given by the child. If this evidence has probative worth, and is competent, it, coupled with the circumstances and other facts shown to exist, is sufficient to furnish the degree of proof necessary to sustain the judgment.

Section 11493, General Code, reads:

"All persons are competent witnesses except those of unsound mind, and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."

The Supreme Court of this state has recently ruled on that part of this statute pertaining to witnesses claimed to be of "unsound mind."

"2. The competency of an insane person to testify as a witness lies in the discretion of the trial judge and a reviewing court will not disturb the ruling thereon where there is no abuse of discretion." *State v. Wildman,* 145 Ohio St., 379, 61 N. E. (2d), 790.

And in 2 Wigmore on Evidence (3 Ed.), Section 505, it is said:

"With reference to the general capacity to observe, recollect, and narrate, the same principles apply to Mental Immaturity that are applied to Mental Derangement."

The essential test of the competency of an infant witness is his comprehension of the obligation to tell the truth and his intellectual capacity of observation, recollection and communication. The nature of his conception of the obligation to tell the truth is of little importance if he shows that he will fulfill the obligation to speak truthfully as a duty which he owes a Diety or something held in reverence or regard, and if he has the intellectual capacity to communicate his observations and experiences.

The trial court, in chambers, examined the child at length, touching upon his qualifications to testify. Among other questions he was asked: "Do you know about telling the truth, what happens if you don't tell the truth?" and he answered, "They won't love me." Question: "Who won't love you?" Answer: "God won't love me." And in further answer to dozens of questions propounded by both the judge and counsel,

the child demonstrated a capacity for memory of events, observation, recollection and communication.

Following this necessary and proper examination by the trial judge of the prospective witness, the court permitted him to testify. The child thereupon, upon direct examination, testified in part as follows:

"Q. Cary do you remember when you went over to Skinner's? A. Sure.

"Q. Tell the judge and jury what happened. A. The doggy bit me.

"Q. What doggy bit you? A. Skinner's doggy.

"Q. What were you doing with Skinner's dog? A. I was loving him.

"Q. How? A. Like that. (indicating.)

"Q. You mean around his neck? A. Yes."

On cross-examination appears the following:

"Q. Where did Chang bite you, can you tell the ladies, take your fingers and show me where he bit you? A. He bit me when I was loving him.

"Q. Where did he bite you, did he bite you on the leg? A. No, he bite me on the head and on my mouth here. (indicating.)"

As we view the testimony, the youthful narrator, except for a few nonresponsive answers, clearly described and explained the circumstances giving rise to this action. The evidence considered as a whole describes the wandering of the child out onto his neighbor's yard and the subsequent attack of the dog, under circumstances clearly related by the child. There is nothing in the record to show, except through pure guess and speculation, that the head injuries resulted from any other cause.

Paraphrasing a syllabus in *State* v. *Wildman, supra,* to fit this case, the rule may be pronounced to be that the competency of a child of mental immaturity to testify as a witness lies in the discretion of the trial judge, and a reviewing court will not disturb the ruling

thereon when there is no abuse of discretion. In the instant case we find no such abuse. We further find that the evidence in the record is such as to warrant the jury in finding in favor of the petitioner.

Complaint is further made by the appellants, that prejudicial error intervened in permitting the mother of the child to testify that, as the child was held in a bathtub in her home shortly after the injury, she said to him, "What happened, sweetheart?" and he answered, "Doggy bite me."

Of course, if this evidence is proper it is only so because of the exception to the hearsay rule which treats of a class of testimony termed the "*res gestae*," admissible in evidence, though in fact hearsay.

The evidence was improperly admitted. It was not a spontaneous or impulsive statement or exclamation. *Bake* v. *Industrial Commission,* 135 Ohio St., 627, 22 N. E. (2d), 130. And while the statement to come within the rules of *res gestae* need not be strictly contemporaneous with the incident to which it relates, it should not be a narration of a past event, nor should it be an answer to a question propounded after the intervention of circumstances which would make the reply one lacking the attributes of spontaneity.

While we hold this evidence improper, we do not find that its submission to the jury constitutes error of a prejudicial nature.

2. Complaint is further made of that part of the judgment entry which declared that the dog is a common nuisance, and which ordered the defendants "to remove said dog from the locality and vicinity of the residence of the respective parties * * * within twenty-four hours from the filing of this order and * * * that unless said chow dog is so removed from said vicinity within said period that defendants kill or cause said dog to be killed and that in lieu of disposal of said dog as provided by the foregoing alternative orders the sheriff of Summit county be and he hereby is or-

dered to kill said dog pursuant to Section 5839 of the General Code of Ohio."

It is claimed by counsel that there is no evidence in the record to substantiate the judgment declaring the animal a common nuisance.

It is to be noted that Sections 5838 and 5839, General Code, are a part of the "police regulations" of this state. Under these statutes a person who owns or harbors a dog does so at his own risk. Section 5838, General Code, "imposes an absolute liability [for damages] upon the owner of a dog, and *scienter*, fault, negligence or contributory negligence are not involved," in a proceeding for damages against the owner or harborer of such dog if it bites or injures a person. *Dragonette* v. *Brandes,* 135 Ohio St., 223, 20 N. E. (2d), 367.

Section 5839, General Code, is in the following terms:

"The court or justice, before which the recovery is had for such injury [under Section 5838], shall declare such dog to be a common nuisance and order the defendant to kill it or cause it to be killed within twenty-four hours thereafter, or order a constable, marshal or sheriff to kill it."

This statute is clear and unambiguous. It makes a biting dog, whose activities have caused a judgment to be rendered against its owner or harborer under Section 5838, General Code, a common nuisance as a matter of law, and no other evidence is necessary. Furthermore, this mandatory section requires the execution of the dog. And the court has no alternative under its provisions.

In this case the judgment of the Court of Common Pleas will be modified to the extent of complying with the provisions of Section 5839, General Code, and as so modified the judgment will be affirmed.

*Judgment modified and affirmed as modified.*

STEVENS and HUNSICKER, JJ., concur.