**EBELING, Admrx., Plaintiff-Appellee, v HARMAN, Admrx., Defendant-Appellant.**

Ohio Appeals, Second District, Darke County.

No. 659. Decided April 30, 1948.

Wilbur D. Spidel, Greenville, for plaintiff-appellee.
Marion Murphy, Hugh A. Staley, Greenville, for defendant-appellant.

## OPINION

By MILLER, J:

This is an appeal on questions of law from the Court of Common Pleas. The action was one for damages for wrongful death, brought by the administratrix of the deceased under the provision of §10509-167 GC. A jury trial was had which resulted in a verdict for the plaintiff for the sum of $4,000.00. In attempting to comply with the provisions of the Code the petition contains the following allegation:

"Plaintiff says that her decedent died leaving Anna Ebeling, his mother, a dependent, and that by reason of his wrongful death resulting from the negligence of defendant's decedent, the estate of plaintiff's decedent has been damaged in the sum of $10,000.00."

The first assignment of error is directed to this paragraph of the petition. The appellant is contending that the petition does not state a cause of action. Sec. 10509-167 GC provides:

"An action for wrongful death must be brought in the name of the personal representative of the deceased person, but shall be for the exclusive benefit of the surviving spouse, the children and other next of kin of the decedent. The jury may give such damages as it may think proportioned to the pecuniary injury resulting from such death, to the persons, respectively, for whose benefit the action was brought. Except as otherwise provided by law, every such action must be commenced within two years after the death of such deceased person. Such personal representative, if he was appointed in this state, with the consent of the court making such appointment, may, at any time before or after the commencement of the suit, settle with the defendant the amount to be paid."

In the case of **Brown, Admr., v Bauman, 49 Oh Ap 49,** the court held it was necessary to allege in the petition for whom the action was brought. Now does the petition comply with this requirement? The record discloses that the decedent left surviving, his mother who was named in the petition and three brothers and sisters; that this decedent and one sister were the sole support of the mother. The theory advanced by the appellant arises by virtue of the pronouncement made in the case of **Karr, Admr., v Sixt, 146 Oh St 527,** the third syllabus of which provides:

"3. Within the meaning of §10509-167 GC, reciting that an action for wrongful death is 'for the exclusive benefit of the surviving spouse, the children 'and other next of kin', the phrase, 'and other next of kin', is used in a broad sense and includes the brothers and sisters of a decedent as well as his parents, when both classes of kindred are in existence."

However, we think the fifth syllabus is decisive of the question here presented. It states:

"5. No such presumption obtains as to collateral kindred having no legal claims on the decedent, and the infliction of 'pecuniary injury' on them by reason of the death ought to appear from the evidence before they may be considered in the award of damages."

Under the statutes of descent and distribution the brothers and sisters of the deceased are collateral kindred and in order that they may participate in the fund created by a

judgment it is necessary for the plaintiff to plead and prove actual pecuniary damages. The petition contained no such allegation and there is not a scintilla of evidence tending to prove that they have suffered actual damages. We are of the opinion that the petition sets forth the mother's dependency and pecuniary loss by reason of the death of her son, and therefore states a good cause of action. The collateral kindred are seeking no relief and the action cannot therefore be for their benefit.

The second assignment of error is directed to the court's refusal to admit as part of the res gestae certain declarations of the driver of the defendant's automobile made approximately five to ten minutes after the collision. The record shows that a Mrs. Brown would have testified, if permitted, that the driver of the defendant's car made the following statement to her:

"Mrs. Brown, I saw this man coming toward me on East Main Street; I was driving on my side of the street, and without any warning whatever he deliberately ran into me."

And also, Patrolman Wolfe would have testified, if permitted, that the driver of defendant's car told him "that she was driving west on East Main Street on her side of the street; that she noticed a man or boy approaching her on a bicycle and that as he neared her he seemed to be looking to his right constantly, and that he deliberately ran into her without giving any warning whatever, apparently intending to turn into John Street." An examination of the proffered testimony shows that the declarations were merely narrations of a past event. They were a description of the manner in which the collision occurred made after she had opportunity to collect her thoughts and make a survey of the whole situation. In order that declarations or exclamations be admissible as a part of the res gestae, they need not always be contemporaneous, in the strict sense of the word, with the transaction in controversy, the requirement being that there be some central, logical of psychological relation between the exclamations and the primary event in controversy. There was no such relation here to the primary event. Declarations amounting merely to a narration of past events are not admissible. The **Cleveland, Columbus and Cincinnati Railroad Company, v John Mara, 26 Oh St 185,** syllabus 3:

"3. In an action against a railroad company for injuries sustained, by a party by falling or being precipitated into a ditch, when in the act of landing from a car, it is not competent for the plaintiff to prove what the party said immediately

afterward, and while being helped out of the ditch, as to the cause of the accident, it being no part of the res gestae, but a mere account of a past transaction."

**Stough v Industrial Commission; 142 Oh St 446; 17 O. Jur. 353,** and cases cited therein.

We find no error in this assignment.

The third assignment of error relates to the failure of the Court to direct a verdict for the defendant at the close of all the evidence, and to the overruling of a motion for a judgment notwithstanding the verdict.

An examination of the record discloses that substantial evidence was offered to establish all the material allegations of the petition. It therefore became a jury question and the Court did not err in its ruling.

The fourth assignment of error relates to special charges given before argument to the jury, the appellant contending the same to be merely abstract statements of law and having no connection with the facts presented. We are of the opinion that the record does not sustain such a conclusion. Each of the charges given was pertinent to the issues and correctly stated the law.

The appellant contends further that if the special charges given were correct, the court erred in not giving them in the exact form presented. Special charges Nos. 1, 2 and 3 contained at the end thereof citations of the General Code which the Court did not read to the jury, but the same was on the charges given to the jury. We recognize the general rule that special charges must be given as submitted without modification or entirely refused. However in the instant case we think that this rule was complied with for all intents and purposes. The citation referred to was merely for the guidance of the Court in determining its correctness. We think the term "§6307-29 GC" appearing at the end of the first charge would be of no significance to the jury and would be a part of the charge only to such an extent as the numbers of the pages should they be numbered. We find no prejudicial error in these charges as given.

The sixth assignment of error relates to the refusal to give special charges Nos. 1, 2 and 4. Defendant's special instruction No. 1 consists of nearly three pages of typewritten matter and attempts to review the entire case in one special instruction. It defines the issues in the case; it attempts to define negligence, it states there is no presumption of negligence. It defines burden of proof. It combines instructions as to the law with repetition of allegations contained in plaintiff's petition and defendant's answer, some of the allegations

in the answer being supported by no evidence. The whole charge is confusing and ambiguous, and is not a proper instruction within the definition and requirements as laid down in **Scott v Products Corp., 131 Oh St 225,** wherein the Court says:

"The trial court may properly refuse to give requested instructions before argument which are indefinite, uncertain or ambiguous, or otherwise misleading."

Special charges Nos. 2 and 4 are correct statements of law, but they are not pertinent to the facts in the case, being based upon facts not found in the record. The court did not err in refusing to give these special instructions to the jury. Neither did it err in its general charge. It was full and complete and clearly set forth the legal principles applicable to the evidence presented.

The verdict is not against the manifest weight of the evidence, but is in accordance with the same. We find no error in the record and the judgment is affirmed.

WISEMAN, PJ, and HORNBECK, J, concur.

## APPLICATION FOR REHEARING

No. 659. Decided May 27, 1948.

By THE COURT:

This is an application for a rehearing and a motion to certify as being in conflict with the decision expressed by the Court of Appeals of Lucas County, Ohio, in the case of **Brown, Admr., v Bauman, 49 Oh Ap 49.**

We have carefully examined the appellant's brief and find nothing therein that warrants a rehearing. Our attention is called to the fact that the Court charged upon contributory negligence and that defendant's special charges Nos. 2 and 4 were denied because they were not pertinent. They were on the subject of contributory negligence. The only evidence in the record tending to show contributory negligence was the proffered declarations of the defendant's decedent which we held to be inadmissible. The charge of the Court on this subject was not pertinent to the issue but it could not have been prejudicial to the appellant. Any prejudice resulting would have been on the other side.

We therefore adhere to our former ruling.

The motion to certify will be overruled as we held that the petition met the requirements laid down in **Brown, Admr. v Bauman, 49 Oh Ap 49,** and there is no conflict.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.