John J. CONNORS, Jr., Appellant,

v.

William J. SCHMIDT, Appellee.

No. 13350.

United States Court of Appeals
Sixth Circuit.

May 22, 1958.

James J. Stanard, Cleveland, Ohio, (Dan B. Cull, Cleveland, Ohio, on the brief), for appellant.

R. Crawford Morris, Cleveland, Ohio, (Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, on the brief), for appellee.

Before SIMONS, Chief Judge, and MARTIN and BAZELON, Circuit Judges.

## PER CURIAM.

This appeal is from a judgment entered on the verdict of the jury for defendant in a personal injury damage suit resulting from an early morning accident involving two automobiles. The verdict was reported in unusual form: "We find the defendant not guilty of negligence."

After delivery of the charge and before the jury had retired, the attorney for the plaintiff requested the court to clarify "what is the burden or where the burden of proof lies with respect to the issue of contributory negligence." The judge stated that he had done so twice.

The record shows that the judge had charged the jury, as follows: "In a case of this character contributory negligence of the plaintiff is a complete defense *if sustained* by the defendant and you are not at liberty to determine which was the more negligent and award damages on any *comparative* basis. Proof of contributory negligence in any degree bars recovery in any sum." [Emphasis added.] The judge charged later on: "But *if you conclude from the greater weight of the evidence* that the plaintiff Connors negligently operated his DeSoto car, directly causing, or contributing in any degree to bring about his accident, then he cannot recover any sum in this case and your verdict in such case must be for the defendant and this would be so even though you believe from the evidence that the defendant was negligent also, directly bringing about the accident." [Emphasis added.] We think these instructions were adequate to inform the jury that the burden of proof of contributory negligence rested upon the defendant.

After the jury had returned the foregoing verdict, the judge, in response to the request of plaintiff's attorney for clarification of the burden of proof of contributory negligence, quoted from his instructions and told the jurors that, while he had not specifically said to them that the burden of proof of contributory negligence was on the defendant, he thought his instructions had made it fairly understandable that such was true. He stated to them that to avoid any doubt on the subject he would submit two questions to them. The first interrogatory was: "Was your decision based upon the fact that the plaintiff, by his own negligent operation of his car, directly caused, or contributed to, the accident?" He stated to the jury that, should the first question be answered in the affirmative, the second question would be: "In considering and determining whether the plaintiff was guilty of contributory negligence were you, and are you, able to say that the defendant Schmidt sustained the burden of proof respecting the plaintiff's contributory negligence?" The jury returned affirmative answers to both of the foregoing interrogatories propounded by the court.

We see no reversible error in the course pursued by the district judge. His original instructions on the burden of proof as to contributory negligence were adequate; but, in an effort to be eminently fair, the court pursued the unique course of testing the jury's understanding of his original charge and the firmness of their conviction in rendering their verdict.

We find no merit in the contention of appellant that reversible error was committed by the district court in admitting testimony of the police officer

concerning the statement of Morley that he was seated in the middle of the front seat, with the driver on his left and Rita Keane on his right, next to the window of the automobile.

It is urged that, where Miss Keane testified that she was in the middle seat, this hearsay statement tended to weaken her testimony. In our opinion, the testimony of the police officer was admissible under the *res gestae* rule. See Rogers v. French Bros.-Bauer Co., 31 Ohio App. 77, 166 N.E. 427; State v. Champion, 109 Ohio St. 281, 289-290, 142 N.E. 141; State ex rel. Raydel v. Raible, Ohio App., 117 N.E.2d 480, 40 A.L.R.2d 950. However, even if the *res gestae* rule be inapplicable, we think there was no prejudicial error in permitting the police officer's testimony. It does not appear from the record whether or not Miss Keane—had she been seated on the right-hand seat instead of in the middle of the front seat—could or could not have seen what she testified she saw. No merit inheres in any other arguments advanced by appellant.

For the foregoing reasons, we think the judgment of the district court should be affirmed.

BAZELON, Circuit Judge (dissenting).

By its answer to the court's first interrogatory, the jury revealed that its verdict for the defendant was based on a finding of contributory negligence. I would reverse the judgment and order a new trial because I think (1) the court's charge was inadequate to instruct the jury that the burden of proof on the issue of contributory negligence was upon the defendant, and (2) the device of interrogatories employed by the court after the verdict compounded, rather than cured, the error.

The judge, after explaining to the jury what "negligence" means, charged:

The burden, therefore, is upon the plaintiff Connors to prove by the greater weight of the evidence that his accident and injuries were directly and proximately occasioned by the negligence of the defendant in one or more of the respects charged.

Then, after summarizing the evidence, the judge stated:

It will be for you to determine from the evidence * * * whether or not the plaintiff has made out his case of negligence upon the part of the defendant in the operation of his Chevrolet, directly causing his accident, and for you, as well, to determine from all the evidence and the facts whether his own negligent operation directly contributed thereto.

The charge clearly placed upon the plaintiff the burden of proving defendant's negligence. But no clear statement appears in it that the burden of proving plaintiff's negligence was upon the defendant. That omission was hardly remedied by the judge's instruction, referring to the question of comparative negligence, that "contributory negligence of the plaintiff is a complete defense if sustained by the defendant." Nor was the deficiency supplied by the other portion of the charge quoted by the majority, *i. e.*, that the verdict must be for the defendant "if you conclude from the greater weight of the evidence" that the plaintiff was contributorily negligent. Where a conclusion is possible "from the greater weight of the evidence," it is of no consequence which party had the burden of proof. Burden of proof becomes significant when the evidence is evenly balanced. In such event the decision goes against the party having the burden of proof. Nothing in this charge instructed the jury to return a verdict against the defendant if it found that his negligence caused the accident and that the evidence on contributory negligence was evenly balanced.

I agree with the majority that the "unique course" of submitting the interrogatories to the jury was adopted by the judge "in an effort to be eminently fair." Unfortunately, however, the result was unfair. It gave the jurors a stake in the case by placing them in the position of

justifying the verdict they had already returned. Since individuals placed in such a position can frequently be expected to justify what they have done rather than to admit error, the procedure employed by the judge placed appellant under an unjust handicap. No one can tell from the record before us that the jury would have concluded that appellant had been guilty of contributory negligence if it had received proper instructions on that issue before rendering its verdict in favor of appellee.

I would reverse the judgment for a second reason as well, because I cannot agree with the majority either (1) that the hearsay testimony of the police officer was admissible, or (2) that, if inadmissible, it was not prejudicial.

The *res gestae* exception to the hearsay rule is based on the principle that an utterance "made under the immediate and uncontrolled domination of the senses, and during the brief period when considerations of self-interest could not have been brought fully to bear by reasoned reflection, * * * may be taken as particularly trustworthy (or, at least, as lacking the usual grounds of untrustworthiness), and thus as expressing the real tenor of the speaker's belief as to the facts just observed by him; and may therefore be received as testimony to those facts." 6 Wigmore, Evidence 135 (3d ed.1940). Hearsay is ordinarily inadmissible because the declaration was not made under oath and is not subject to the test of cross-examination. These safeguards of reliability are dispensable only in circumstances furnishing other assurances of trustworthiness of the statement. Potter v. Baker, 1955, 162 Ohio St. 488, 124 N.E.2d 140, 144, 53 A.L.R.2d 1234. Such assurances are not provided when the statement is merely a narration of a past event, rather than having "some central, logical or psychological relation" to the event, Ebeling v.

Harman, 1948, 83 Ohio App. 519, 80 N.E. 2d 704, 706; or when it is given in "answer to a question propounded after the intervention of circumstances which would make the reply one lacking the attributes of spontaneity," Hill v. Skinner, 1947, 81 Ohio App. 375, 79 N.E.2d 787, 790; or when the declarant is not shown to have had sufficient opportunity to know the facts he stated. 6 Wigmore, Evidence § 1751 (3d ed.1940); cf. Potter v. Baker, supra, 124 N.E.2d at pages 145–146.

The extra-judicial statement here involved was not engendered by the events to which it referred, but was made in a subsequent police interrogation. The officer who testified to the statement apparently did not hear it made, but was present while the questions and answers were being typewritten, presumably at the police station, rather than at the scene of the accident as in Rogers v. French Bros.-Bauer Co., 1928, 31 Ohio App. 77, 166 N.E. 427.[1] Moreover, Morley was hardly shown to have been in such a condition as to be presumed to know whereof he spoke, for, as the judge found, "he was in a great state of intoxication at the time and just barely conscious." These are not circumstances to persuade a tribunal that it is safe to dispense with cross-examination.

Appellee, citing State v. Champion, 1924, 109 Ohio St. 281, 142 N.E. 141; and State ex rel. Raydel v. Raible, Ohio App. 1954, 117 N.E.2d 480, 40 A.L.R.2d 950, argues that the admission of the hearsay evidence was not prejudicial, because, even without it, appellee would have had the right to argue to the jury that Morley, if called as a witness, would have testified against appellant. The majority, by citing the same authorities, seems to accept this argument. The short answer to the argument, it seems to me, is that there is a vast difference between the *risk* that the jury might think Mor-

---

1. The hearsay evidence in Rogers, consisting of statements to the police made by the plaintiffs and their principal witness, was admitted to impeach the credibility of their testimony given at the trial. Had Morley testified below, Rogers would make his statement to the police admissible to impeach him. But, in the circumstances of this case, Rogers would seem to be inapplicable.

ley's testimony would in some way harm appellant's case and the *certain harm* of the erroneously received evidence.

That Morley's statement, if believed, tended to weaken Miss Keane's testimony, can hardly be doubted, for it placed her in a position other than the one from which she claimed to have seen what she testified she saw. As the majority says, the record does not show whether or not she could have seen the events she testified to if she had been sitting where Morley's statement placed her. We have no choice, therefore, but to conclude that receiving Morley's statement was prejudicial error.[2]

2. The trial judge's conclusion that Morley's statement was not prejudicial, because he had been too drunk to be believed by the jury, seems to me to miss the point. In Anglo-American jurisprudence, evidence which is, for one reason or another, unworthy of belief, is kept from the jury for the very reason that there is danger that they may believe it.