OPINION
Appellant Timothy Alan Mannos appeals his conviction, in the Stark County Court of Common Pleas, for one count of felonious assault. The following facts give rise to this appeal. The charge against appellant is the result of an incident that occurred on April 22, 2000, at Canton Centre Mall. Ryan Bronson was at the mall, with four male friends and one female friend, to purchase clothes for a record release party scheduled at the Canton Hilton Hotel that evening. Appellant attacked Bronson as he and his friends left the mall via the food court area. Bronson was at the rear of the group. A witness to the stabbing, Eric Raine, was following Bronson as he left the mall. As appellant entered the mall, Mr. Raine observed appellant and Bronson brush shoulders. Appellant immediately grabbed Bronson and demanded an apology from him. Appellant yelled, "Say excuse me mother fucker." Eric Raine heard Bronson respond by stating, "Excuse me mother fucker." Mr. Raine then observed appellant digging in his back pocket. Thereafter, appellant brandished a small knife and opened it. After Mr. Raine observed appellant open the knife, appellant pushed Bronson toward the door. Bronson pushed appellant back, with some force, and appellant hit a plastic column in the food court area with his back. Appellant slumped down against the pillar, got up, and walked quickly into the mall. Thereafter, Bronson exited the mall and joined his friends. Mr. Raine then observed Bronson and his friends re-enter the mall. Bronson's friends were yelling that Bronson had been stabbed. As Bronson attempted to follow his friends into the mall, he left a trail of blood, and eventually collapsed on the floor. Bronson's friends identified appellant as the person who stabbed Bronson and mall security subdued him. Following a pat-down search, Officer Christopher Hessler, an off-duty police officer that happened to be at the mall, discovered a knife covered with blood in appellant's right front pocket. As a result of the stabbing, Bronson underwent surgery, at Aultman Hospital, to repair a severed artery to his heart. Bronson also suffered a collapsed lung due to a puncture wound to the lung. On May 2, 2000, Canton Municipal Court bound over appellant's case, to the Stark County Grand Jury, following a pre-trial hearing. The Stark County Grand Jury indicted appellant on May 17, 2000, and charged him with one count of felonious assault. Appellant entered a plea of not guilty. This matter proceeded to trial on July 17, 2000. Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant to a determinate five year prison term. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY COUNSEL'S FAILURE TO REQUEST INSTRUCTIONS ON THE DEFENSE OF ACCIDENT OR OBJECT TO THE TRIAL COURT'S FAILURE TO GIVE SUCH INSTRUCTIONS WHERE EVIDENCE OF ACCIDENT WAS PRESENTED AT TRIAL.
 I
In his sole assignment of error, appellant contends he received ineffective assistance of counsel because defense counsel should have requested an instruction on the defense of accident or objected to the trial court's failure to give an instruction on accident where appellant presented evidence of accident at the trial. We disagree. The record indicates that appellant did not object to the trial court's failure to give an instruction on the defense of accident. Crim.R. 30(A) provides, in pertinent part: * * * On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. * * *
Having failed to object, we must analyze this matter under a plain error analysis pursuant to Crim.R. 52(B), which provides as follows: (B) Plain error Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court. Notice of plain error is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus; State v. Cooperrider (1983), 4 Ohio St.3d 226, 227. A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668; State v. Bradley (1989), 42 Ohio St.3d 136. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter (1995),72 Ohio St.3d 545, 558, citing Lockhart v. Fretwell (1993), 506 U.S. 364. It is based on this standard that we review appellant's sole assignment of error. "A trial court's instructions to the jury should address the actual issues in the case as warranted by the evidence and the pleadings." State v. Brown (Feb. 29, 1996), Cuyahoga App. No. 68761, unreported, at 7, citing State v. Guster (1981), 66 Ohio St.2d 266,271. There must be some evidence presented at trial, on the issue, to warrant an instruction. State v. Thomas (1988), 40 Ohio St.3d 213, paragraph two of the syllabus. The record in this matter indicates that the trial court instructed the jury on the defense of self-defense. "Self-defense presumes intentional, willful use of force to repel force or escape force." State v. Champion (1924), 109 Ohio St. 281, 287. However, appellant claims that defense counsel should have also requested an instruction on accident. The defense of accident is defined as "`* * * an unfortunate event occurring casually' or by `chance.'" State v. Brady (1988), 48 Ohio App.3d 41, 42, citing State v. Lovejoy (1976),48 Ohio Misc. 20, 25. This court, in the case of State v. Swint (Mar. 7, 1994), Stark App. No. CA-9490, unreported, at 2, cited to the Brady case and noted "* * * that accident may be compatible with the defense of self-defense, that is, that the defendant may draw the weapon in self-defense but still inflict a wound only by accident." The testimony presented, in the case sub judice, does not support the conclusion that appellant stabbed Bronson by accident. Appellant admitted, at trial, that he shoved the knife into appellant and that he would do it again under the same circumstances. Tr. Vol. II at 497, 518. Appellant never indicated, during his testimony, that he accidentally stabbed Bronson. There was no evidence presented at trial that would have required the trial court to give an instruction on accident. Further, appellant has not demonstrated that his defense counsel's decision not to request a jury instruction on accident was not valid trial strategy. A defendant is not denied effective assistance of counsel when defense counsel chooses, for strategic reasons, not to pursue every possible trial tactic. State v. Brown (1988), 38 Ohio St.3d 305, 319, certiorari denied (1989),489 U.S. 1040. Therefore, we conclude defense counsel's failure to request an instruction on accident does not meet the test for ineffective assistance of counsel and thus, was not plain error. Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
 ______________________ Wise, J.
Gwin, P.J., and Farmer, J., concur.