[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Miree*, Slip Opinion No. 2024-Ohio-5714.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5714

THE STATE OF OHIO, APPELLEE, *v.* MIREE, APPELLANT.

THE STATE OF OHIO, APPELLEE, *v.* DUNCAN, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Miree*, Slip Opinion No. 2024-Ohio-5714.]**

*Criminal law—Self-defense—R.C. 2901.09—Retroactive application—Trial court correctly applied former version of self-defense statute to crimes committed before amended statute's effective date—Judgment affirmed.*

(Nos. 2022-1449 and 2022-1458—Submitted July 23, 2024—Decided December 10, 2024.)

APPEAL from the Court of Appeals for Cuyahoga County, No. CA 110749, 2022-Ohio-3664, and No. CA 110784, 2022-Ohio-3665.

_____

DONNELLY, J., authored the opinion of the court, which KENNEDY, C.J., and DEWINE, BRUNNER, and DETERS, JJ., joined. STEWART, J., dissented, with an opinion joined by FISCHER, J.

**DONNELLY, J.**

**{¶ 1}** A recent amendment to R.C. 2901.09, 2020 Am.S.B. No. 175, effective April 6, 2021, limited the duty to retreat from a threat before acting in self-defense. These two discretionary, consolidated appeals from the Eighth District Court of Appeals ask whether the relaxation of the duty to retreat applies to an offense that was committed prior to the effective date of the amendment in a trial held after the effective date. We hold that the new standard does not apply to offenses committed prior to the effective date of the new law, and we therefore affirm the judgment of the Eighth District holding the same.

## BACKGROUND

**{¶ 2}** Appellants, Jaidee Miree and Desmond Duncan, were charged with murder, involuntary manslaughter, felonious assault, and other offenses arising from the death of Ramses Hurley on June 16, 2019. Their trial commenced in June 2021. Evidence at trial showed that Miree, Duncan, and Trinity Campbell picked up Hurley in Campbell's car under the pretense of buying marijuana from him but with plans to rob him. While Hurley was in the car, a struggle occurred and shots were fired. Hurley was ejected from the moving vehicle, and he died of blunt-force trauma. According to some testimony at trial, Hurley had initiated the violence after Miree and Duncan attempted to rob Hurley of the drugs. Duncan testified that Hurley pulled out a gun and tried to shoot Miree, at which point Miree and Duncan beat up Hurley, and Duncan pushed him out of the car. Other evidence indicated that Duncan was the one who had had a gun and initiated the violence.

**{¶ 3}** After the close of evidence, over defense objection, the trial court instructed the jury on self-defense under the preamendment version of R.C. 2901.09:

The State must prove beyond a reasonable doubt that the defendants did not use deadly force in self-defense and/or defense of another.

To prove that the defendants did not use deadly force in self-defense or defense of another, the State must prove beyond a reasonable doubt at least one of the following:

A, the defendant was at fault in creating the situation giving rise to the death of Ramses Hurley;

Or, B, the defendant did not have reasonable grounds to believe and an honest belief, even if mistaken, that he was in imminent or immediate danger of death or great bodily harm;

Or, C, . . . the defendant violated a duty to retreat to avoid danger;

Or, D, the defendant did not use reasonable force.

These instructions did not incorporate 2020 Am.S.B. No. 175, which had become effective two months earlier. The jury found Miree and Duncan guilty of felony murder, felonious assault, and other offenses. The trial court imposed sentences of 15 years to life in prison.

{¶ 4} Among their arguments in the Eighth District Court of Appeals, Miree and Duncan argued that the trial court erroneously instructed the jury that they had had a duty to retreat before acting in self-defense instead of incorporating the new law diminishing the duty to retreat. A majority of the appellate court's three-judge panel held that the amendment to R.C. 2901.09 provided a substantive right rather than a new procedure and therefore cannot be applied retroactively to an alleged act of self-defense that occurred prior to the effective date of the amendment. *State v. Miree*, 2022-Ohio-3664, ¶ 71-72 (8th Dist.); *State v. Duncan*, 2022-Ohio-3665, ¶ 28-29 (8th Dist.). A dissenting judge opined that the amendment should be

applied to all trials after the effective date of the amendment, primarily because R.C. 2901.09(C) states, without reference to any effective date, "'*A trier of fact shall not consider the possibility* of retreat . . .'" (Emphasis added in *Miree.*) *Miree* at ¶ 134 (E.A. Gallagher, J., dissenting); *Duncan* at ¶ 106 (E.A. Gallagher, J. dissenting).

{¶ 5} Miree and Duncan both sought our discretionary review of the Eighth District's decision, advancing multiple propositions of law. We accepted Miree's following proposition of law:

> In a criminal case which was tried after the April 6, 2021 effective date of Ohio's "Stand Your Ground" law and its amendments to R.C. 2901.05./09, a trial court is required to apply those amended statutes in instructing the jury on a defendant's self-defense claim, and it must do so even if the underlying alleged crime occurred before that April 6, 2021 effective date. A trial court thereby commits reversible error and denies the defendant due process and a fair trial when, over the defendant's objection, it instructs the jury to consider whether the defendant had a "duty to retreat" in determining his self-defense claim because the plain language of the amended statute, in effect at the time of trial, unambiguously prohibits such an instruction.

 *See* 2023-Ohio-381.

{¶ 6} We accepted Duncan's related proposition of law: "2020 S.B. 175, which amended R.C. §2901.09 to eliminate the duty to retreat for self-defense, applies to all trials held after the effective date of the act, regardless of the date of offense." *See* 2023-Ohio-381.

## ANALYSIS

{¶ 7} We presume that a statute is "prospective in its operation unless expressly made retrospective." R.C. 1.48. "A statute must clearly proclaim its own retroactivity to overcome the presumption of prospective application." *State v. Consilio*, 2007-Ohio-4163, paragraph one of the syllabus. Statutory text that merely supports an inference of retroactivity is not sufficient: "Retroactivity is not to be inferred." *Id.* at paragraphs one and two of the syllabus.

{¶ 8} When these crimes occurred, R.C. 2901.09(B) provided:

> For purposes of any section of the Revised Code that sets forth a criminal offense, a person who lawfully is in that person's residence has no duty to retreat before using force in self-defense, defense of another, or defense of that person's residence, and a person who lawfully is an occupant of that person's vehicle or who lawfully is an occupant in a vehicle owned by an immediate family member of the person has no duty to retreat before using force in self-defense or defense of another.

2008 Sub.S.B. No. 184. The 2021 amendment to R.C. 2901.09 reduced and simplified the standard in division (B) as follows: "For purposes of any section of the Revised Code that sets forth a criminal offense, a person has no duty to retreat before using force in self-defense, defense of another, or defense of that person's residence if that person is in a place in which the person lawfully has a right to be." R.C. 2901.09(B). And a new division, (C), added: "A trier of fact shall not consider the possibility of retreat as a factor in determining whether or not a person who used force in self-defense . . . reasonably believed that the force was necessary to prevent injury, loss, or risk to life or safety." R.C. 2901.09(C).

**{¶ 9}** Miree and Duncan assert that the wording of the instruction to the trier of fact in R.C. 2901.09(C) requires the conclusion that the new standard applies to all trials after April 6, 2021, pursuant to our reasoning in *State v. Brooks*, 2022-Ohio-2478. *Brooks* addressed an amendment to R.C. 2901.05 that shifted the burden of proof regarding self-defense from the defendant to the prosecution. *Brooks* at ¶ 13. Among our reasons for concluding that the new law applied to all trials after the statute's effective date was that the burden of proof was a procedural matter, *id*. at ¶ 16, and that the new rule for the burden was stated in the present tense, *id*. at ¶ 20, quoting R.C. 2901.05(B)(1) ("'*at the trial* of a person who is accused of an offense that involved the person's use of force against another.'" [emphasis added in *Brooks*.]).

**{¶ 10}** We acknowledge that the prohibition against a fact-finder's consideration of the duty to retreat in R.C. 2901.09(C) is articulated as occurring at the time of trial, which lends credence to the appellants' assertion that the current version of the statute applies to them. But R.C. 2901.09(C) cannot be read in isolation from R.C. 2901.09(B), which identifies the duty to retreat as existing at the time a person uses force in self-defense: in this case, June 2019. The language in R.C. 2901.09(C) is not a stand-alone procedural matter, but instead reflects the substantive change to the law in R.C. 2901.09(B). Therefore, R.C. 2901.09(C) cannot overcome the presumption of R.C. 1.48 that R.C. 2901.09(B) is to be prospectively applied.

**{¶ 11}** The changes to R.C. 2901.09 in 2020 Am.S.B. No. 175 cannot "[a]ffect any . . . privilege, obligation, or liability previously acquired, accrued, or incurred thereunder," R.C. 1.58(A)(2), and cannot "[a]ffect any investigation, proceeding, or remedy in respect of any such privilege, obligation, [or] liability." R.C. 1.58(A)(4). Instead, "the investigation, proceeding, or remedy . . . may be instituted, continued, or enforced, . . . as if the statute had not been repealed or amended." *Id*. Only an amendment that reduces a "penalty, forfeiture, or

punishment for any offense" applies to crimes committed before the effective date of the amendment and tried afterwards. R.C. 1.58(B).

{¶ 12} R.C. 2901.05(B)(1) states that "[a] person is allowed to act in self-defense," and R.C. 2901.09(B) allows a person to use self-defense without a duty to retreat in many situations. We generally consider self-defense to be a "right" or "privilege." *See State v. Knuff,* 2024-Ohio-902, ¶ 190; *Brooks*, 2022-Ohio-2478, at ¶ 14; *Ellis v. State*, 64 Ohio St.3d 391, 394-395 (1992); *State v. Williford*, 49 Ohio St.3d 247, 249 (1990); *State v. Champion*, 109 Ohio St. 281 (1924), paragraphs one and three of the syllabus. The standard in R.C. 2901.09 regarding the duty to retreat does not affect a "penalty, forfeiture, or punishment for any offense," as contemplated in R.C. 1.58(B), and instead fits within the category of an "obligation" as contemplated in R.C. 1.58(A)(2) and (4). The appellants' duty to retreat before acting in self-defense in June 2019 was therefore not affected by 2020 Am.S.B. No. 175.

{¶ 13} Accordingly, the trial court correctly applied the former version of R.C. 2901.09 in the criminal proceedings against Miree and Duncan.

## CONCLUSION

{¶ 14} The 2000 Am.S.B. No. 175 amendment to R.C. 2901.09, which eliminated the duty to retreat in many situations, does not expressly apply to acts of self-defense that occurred prior to the effective date of the amendment. A statute cannot change a duty after the incident has occurred. The Eighth District correctly concluded that the trial court did not err in failing to include jury instructions that incorporated the current version of R.C. 2901.09. Accordingly, we affirm the judgment of the Eighth District Court of Appeals.

Judgment affirmed.

_____

**STEWART, J., joined by FISCHER, J., dissenting.**

{¶ 15} While I agree with the majority opinion's determination that the substantive amendment to the self-defense statute found at R.C. 2901.09(B) does not apply retroactively to Miree's and Duncan's criminal offenses, I disagree with the majority's conclusion that the procedural amendment found at R.C. 2901.09(C) should not apply prospectively to their trial. Accordingly, I dissent.

{¶ 16} Following Hurley's death, but before Miree and Duncan were brought to trial on murder charges, the law on self-defense underwent significant changes. On April 6, 2021, 2020 Am.S.B. No. 175 ("S.B. 175"), known as the "stand your ground" law, came into effect. The new law relaxed the duty to retreat in self-defense situations and limited how a trier of fact could consider an individual's ability to retreat. Specifically, S.B. 175 amended R.C. 2901.09 as follows:[1]

(A)    As used in this section, "residence" ~~and "vehicle"~~ ~~have~~ has the same ~~meanings~~ meaning as in section 2901.05 of the Revised Code.

(B)    For purposes of any section of the Revised Code that sets forth a criminal offense, a person ~~who lawfully is in that person's residence~~ has no duty to retreat before using force in self-defense, defense of another, or defense of that person's residence~~, and a person who lawfully is an occupant of that person's vehicle or who lawfully is an occupant in a vehicle owned by an immediate family member of the person has no duty to retreat before using force in self-defense or defense of another~~ if that person is in a place in which the person lawfully has a right to be.

---

1. The strikethrough language represents what S.B. 175 deleted from R.C. 2901.09, while the underlined language represents what S.B. 175 added to it.

(C)     A trier of fact shall not consider the possibility of retreat as a factor in determining whether or not a person who used force in self-defense, defense of another, or defense of that person's residence reasonably believed that the force was necessary to prevent injury, loss, or risk to life or safety.

S.B. 175.

{¶ 17} S.B. 175 introduced two types of changes to the self-defense law—one substantive and one procedural.  First, S.B. 175 substantively changed R.C. 2901.09(B) by relaxing the duty to retreat.  *See State ex rel. Holdridge v. Indus. Comm.,* 11 Ohio St.2d 175, 178 (1967) ("in general terms, [a] substantive law is that which creates duties, rights, and obligations . . . .").  Second, S.B. 175 made a procedural change to the law by adding R.C. 2901.09(C), which modifies how the *trier of fact* is to consider the duty to retreat in determining the reasonableness of the force used in self-defense.  *See Holdridge* at 178 (a "procedural or remedial law prescribes methods of enforcement of rights or obtaining redress").

{¶ 18} In Ohio "[a] statute is presumed to be prospective in its operation unless expressly made retrospective."  R.C. 1.48.  Furthermore, to apply retroactively, a statute must be procedural and not substantive.  *State v. Brooks*, 2022-Ohio-2478, ¶ 10.  Given these limitations on the retroactive application of new statutes, I agree with the majority's determination that newly amended R.C. 2901.09(B) does not apply retroactively to Miree's and Duncan's cases so as to retrospectively change their duty to retreat when the offense occurred.  Indeed, nothing in S.B. 175 suggests a legislative intent that it apply retroactively, and the amendment to R.C. 2901.09(B) is also substantive, thus doubly precluding retroactive application.  As a practical matter, this means that at the time of their offenses, Miree and Duncan both had a duty to retreat, if possible, from the affray.

**{¶ 19}** Nevertheless, I disagree with the majority's determination that R.C. 2901.09(C) should not apply to Miree and Duncan's trial.  R.C. 2901.09(C) is, without a doubt, a procedural law.  It simply limits what the trier of fact may consider in determining whether a defendant reasonably believed that use of force was necessary.  And this court has acknowledged time and again that laws "providing rules of practice, courses of procedure, or methods of review are applicable to any proceedings conducted after the adoption of such laws." *Holdridge* at paragraph one of the syllabus; *see also Brooks* at ¶ 10.

**{¶ 20}** There is no reason to conclude, as the majority does here, that R.C. 2901.09(C) is not a stand-alone procedural law but is instead irreparably tied to the substantive law contained in R.C. 2901.09(B).  It is entirely possible for Miree and Duncan to have been subject to the duty to retreat under the former law while still benefitting from the procedural protection offered by newly enacted R.C. 2901.09(C) at trial.  For example, if the State had proven that Miree and Duncan had failed to retreat when they were duty-bound to have done so under the former statute, the jury would be obligated to find that Miree and Duncan did not act in self-defense.  At the same time, however, the court could have instructed the jury, under R.C. 2901.09(C), that the possibility of retreat should not factor into its determination of whether "the force used was necessary to prevent injury, loss, or risk to life or safety," R.C. 2901.09(C).

**{¶ 21}** Thus, while the jury should have been instructed on the duty to retreat as it existed before S.B. 175 became effective, it should also have been told that the possibility of retreat was irrelevant when considering whether the force employed by Miree and Duncan was reasonable.  Because the jury in this case was instructed entirely on the duty to retreat as it existed before S.B. 175 became effective, i.e., without the procedural limitation prospectively imposed by newly enacted R.C. 2901.09(C), I would reverse the judgment of the trial court and remand the cause for a new trial.

_____

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, for appellee.

Timothy F. Sweeney, for appellant Jaidee Miree in case No. 2022-1449.

Russell S. Bensing, for appellant Desmond Duncan in case No. 2022-1458.

Steven L. Taylor, urging affirmance for amicus curiae Ohio Prosecuting Attorneys Association.

_____